■ In the Matter of the Claim of EDWARD I. FRAEKORN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. No opinion. Greenblott, J. P., Kane and Main, JJ., concur; Cooke and Sweeney, JJ., dissent and vote to reverse in a memorandum by Cooke, J. Cooke, J. (dissenting). The decision of the board should be reversed and the matter remitted to it for further proceedings. The Referee overruled the initial determination of the Industrial Commissioner of disqualification because of a voluntary leaving of employment without good cause, and held that claimant voluntarily left his employment with good cause. The board also held that the leaving was with good cause but modified the decision of the Referee and held claimant ineligible on the ground of unavailability for employment. Although not in the record, respondent's brief recites that the notice of hearing sent to claimant stated that the purpose of the hearing was to determine claimant's voluntary leaving of employment without good cause and any other related issue. Subdivision (a) of section 461.4 of the Rules and Regulations adopted for Practice and Procedure before Referees and Appeal Board (12 NYCRR 461.4 [a]) provides that "At the commencement of the hearing, the referee shall identify all persons present and shall outline briefly the issues involved." The Referee's statement in the record at the beginning of the hearing reads in part: "A preliminary statement has been made outlining the issues herein and identifying the parties present. By initial determination effective January 23, 1972, claimant was disqualified because of voluntary leaving of employment without good cause. * * * A statement has been submitted on behalf of the Industrial Commissioner in lieu of appearance." Said statement contended only that claimant's leaving was without good cause. Thus, as far as we are able to glean from the record, it appears that claimant was not given notice of an issue other than the question of leaving with good cause and the Referee's statement at the commencement of the hearing did not extend the scope of the hearing to any other issue. Furthermore, in a memorandum to the Appeal Board, the Industrial Commissioner urged that claimant's leaving was without good cause and did not raise the issue of unavailability. In any event, it is obvious that the issue of leaving with good cause is not related to availability for employment since the former refers

to the period prior to termination of employment and the latter refers to that subsequent thereto.