■ In the Matter of SHIRLEY BROOKS, Petitioner, v JAMES R. DUMPSON et al., Respondents.—Determination of respondent Commissioner of the New York State Department of Social Services dated April 17, 1974, which affirmed a determination of the New York City Department of Social Services discontinuing petitioner's grant of aid to dependent children, unanimously annulled, on the law, and vacated, without costs and without disbursements; the petition is granted and respondents are directed to reinstate petitioner's grant of aid to dependent children effective retroactively from the date of aid discontinuance. Subsequent to service of the notice of intent to discontinuance or suspend public assistance dated February 8, 1974, upon petitioner, a fair hearing was held on March 28, 1974. The notice specified that public assistance was to be discontinued on "information as of 01/14/74 * * * that the children's parent has returned to the home and is providing support which is sufficient to meet the budgetary needs of the family unit". Discontinuance was approved after the fair hearing by decision of the respondent Commissioner of the New York State Department of Social Services that the alleged father of one of petitioner's two children, one Randolph Harris, lived in petitioner's home and that this "fact" was conceded by petitioner with consequent inability on the part of the New York City Department of Social Services (the Agency) to determine what contribution he is making to the household. Scrutiny of the transcript of the fair hearing discloses the following: (1) the Agency presented a mail receipt signed by Randolph Harris for a letter delivered to him at 332 East Fourth Street, Manhattan; (2) no home visits were made by the Agency and no inquiry was conducted by the Agency of the building superintendent or of the neighbors; (3) the Agency *assumed* that Mr. Harris was supporting the petitioner; (4) Randolph Harris lived in Apartment 32 at the aforesaid address with his father and three sisters; (5) he was at this time 18 years of age and a student at Manhattan Vocational High School; (6) he was supported solely by his father and (7) petitioner at this time lived in Apartment 52 and had previously lived with her sister in Apartment 33. Patently, there is no substantial evidence on this record to support the decision to terminate public assistance to petitioner. Respondents also contend that petitioner failed to provide verification of the conditions of her shelter in that she did not disclose the amount of rent she was paying. However, this was not a ground for discontinuance of the grant of aid asserted in the notice and this is not properly raised. Further, the record herein contains exhibits of rent receipts given to petitioner showing a monthly rental of $125. On this record, in the absence of any real evidence, a rehearing is unwarranted and petitioner is entitled to reinstatement on the rolls of public assistance recipients under the aid to dependent children category. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Nunez, JJ.