Memorandum. The notice of hearing, though falling short of the sort of specificity that is desirable, did, under the circumstances of this case, "set forth the facts in sufficient detail to enable [claimant] to prepare his defense” (1 Cooper, State Administrative Law, pp 284-285). Thus, while the initial local office’s determination was based upon claimant’s insubordinate behavior on Friday, September 28, 1973, and the appeal board premised its ultimate decision on his failure to report to work the next day, the record as a whole makes clear that both were part of the continuum of related actions involved in claimant’s termination. They were, in effect, the components of a single charge of misconduct by a voluntary failure to report for work without good cause. Hence, claimant’s due process rights were not violated and the order of the Appellate Division should be affirmed.
 

 Matter of Fraekorn (Levine)
 
 (35 NY2d 869, revg 42 AD2d 917) is not to the contrary. There, the initial disqualification, which was for a voluntary leaving of employment without good cause (Labor Law, § 593, subd 1), and the appeal board’s decision, which held that claimant was not available for employment (Labor Law, § 591, subd 2), were not related, one treating with "the period prior to termination of employment”, the other to the period "subsequent thereto” (42 AD2d, at p 918).
 

 Chief Judge Breitel and Judges Jasen, Jones and Fuchs-
 
 *967
 
 berg concur in memorandum; Judges Gabrielli, Wachtler and Cooke dissent and vote to reverse on the dissenting memorandum by Mr. Justice Louis M. Greenblott at the Appellate Division (47 AD2d 776).
 

 Order affirmed, without costs.