■ In the Matter of JANET HAMMILL, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated August 7, 1978 and

made after a statutory fair hearing, which affirmed the determination of the local agency which reduced the petitioner's grant of public assistance from $182.10 semimonthly to $126.79 semimonthly. Petition granted, determination annulled, on the law, without costs or disbursements, and the respondents are directed to restore, retroactively, the full amount of petitioner's grant of public assistance. The reduction in question resulted from decreasing a work-related deduction from the gross income of the petitioner, who was employed full time on a job that required her absence from home from 7:30 A.M. to 6:30 P.M. on weekdays. To enable her to do this she had to employ a "baby-sitter" at a cost of $50 per week to mind her three children during her absence from home. Petitioner received a grant of aid in the AFDC (Aid to Family with Dependent Children) category. In determining the amount of the grant she was permitted to deduct the full $50 per week child care expense from her gross income. By notice dated May 5, 1978 the local agency advised petitioner of its intent to reduce her semimonthly public assistance payment from $182.10 to $126.79 for the stated reason of "Recomputing employment expenses decreasing child care amount to maximum as per proceeding". At petitioner's request a statutory fair hearing was had at which the hearing officer tried in vain to obtain from the agency's representative any statement of the schedule or guideline followed by the agency in determining the amount of reduction. The agency representative admitted that the determination was made on an individual, case-by-case basis, but offered no evidence to support the reduction proposed in the present case. Nevertheless, the State commissioner affirmed the determination of the local agency reducing petitioner's grant of public assistance, and petitioner then brought the present CPLR article 78 proceeding. Since petitioner is already receiving public assistance, and since the agency is seeking to discontinue part of that aid by reducing the semimonthly payments to her, the agency must produce substantial evidence to justify its action, since it is depriving her of something she was already receiving (see *Matter of Woodley v Lavine,* 54 AD2d 912). The agency offered no proof whatever to justify its proposed reduction, and the determination should therefore be annulled. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.