■ In the Matter of DELORES ECTOR, on Behalf of Herself and Others, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered October 2, 1979 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination made by respondent Blum discontinuing petitioner's public assistance grant. The dispositive issue is whether a notice of intent to change petitioner's public assistance status adequately informed her of the charges upon which such determination would be made at a fair hearing, and, if not, whether she waived her right to such notice. Special Term concluded that petitioner understood the charges and was prepared to meet them at the fair hearing. Accordingly, the petition was dismissed. We reverse. After petitioner's husband returned from military service on March 1, 1979, petitioner promptly notified the Ulster County Department of Social Services (agency) that her GI dependency allotment had terminated. In an effort to reinstate her husband to public assistance and to continue the family as recipients of such aid, petitioner and her husband submitted a recertification application for public assistance to include their three minor children, one of whom was petitioner's husband's stepchild. Because Mr. Ector would not divulge whether he was living with his family, and because he was receiving unemployment insurance benefits, the agency, unsure if there was a present lack of need on the part of the children because the income of the father may have been available for the support of his stepchild, sent petitioner a notice of intent to terminate public assistance. The reason given was "Needs Indeterminable" and the notice cited 18 NYCRR 351.8 as authority for the action taken. On March 30, 1979 petitioner requested a fair hearing. At the beginning of the fair hearing on April 23, 1979 petitioner's representative, while admitting that he was advised by agency summary memorandum on the previous day that the issue to be determined was whether petitioner's husband was living at home and contributing to the family's support, nevertheless challenged the efficacy of the hearing on the ground the summary memorandum failed to meet the requirement that it be served within 72 hours of the fair hearing request (18 NYCRR 358.9). On June 1, 1979, respondent Blum, relying on regulations 18 NYCRR 351.1, 351.6 (c), issued a decision affirming the local agency's determination. The decision did not address the issue of adequate notice. Petitioner commenced a CPLR article 78 proceeding to review this determination and Special Term dismissed the petition. This appeal ensued. Since the notice of intent to discontinue benefits cited regulation 18 NYCRR 351.8 as authority for such action and respondent Blum's decision terminating assistance referred to different regulations in support of her position, it is clear that the notice of intent did not adequately inform petitioner of what action the agency intended to take, the reasons for the intended action and the specific regulations supporting such action (cf.

*Goldberg v Kelly,* 397 US 254; 45 CFR 205.10). We have consistently ruled that recipients of public welfare benefits are entitled to specific notice of the reasons for discontinuance or reduction of such benefits *(Matter of Lynch [Ross],* 67 AD2d 1046; *Matter of Simmons v Van Alstyne,* 65 AD2d 869 [for similar holdings in other departments, see *Matter of Skerret v Berger,* 55 AD2d 915 (2nd Dept); *Cruz v Lavine,* 45 AD2d 720 (2nd Dept); *Matter of Brooks v Dumpson,* 47 AD2d 826 (1st Dept)]). The obvious purpose of such specificity is to afford claimants adequate time to prepare a defense to charges they know will be made at the hearing (see *Matter of Fraekorn [Levine],* 35 NY2d 869, revg 42 AD2d 917; cf. *Matter of Brooks [Levine],* 38 NY2d 965). Here, the notice stated that the reason for discontinuance of benefits was "Needs Indeterminable" and cited as authority a broad regulation that did not convey what aspect of petitioner's eligibility was being challenged. While the hearing officer offered to permit petitioner and her representative time to examine the charges before taking proof, such additional time during a recess is meaningless in terms of preparation and petitioner's refusal to use the time offered cannot be construed as a waiver of the appropriate notice. Judgment reversed, on the law and the facts, with costs, petition granted and determination annulled; matter remitted to Ulster County Department of Social Services with direction to reinstate petitioner's grant of aid retroactive to June 1, 1979. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.