■ In the Matter of the Claim of ARTHUR R. DREW, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 1980, affirming an Administrative Law Judge's decision which overruled the initial determination of the Industrial Commissioner finding claimant eligible to receive benefits and held him to be ineligible because he lost his employment through misconduct. Claimant was a bus driver employed by Baumann & Sons Buses, Inc., from June, 1979 until March 3, 1980. On February 15, 1980, while operating a minibus carrying retarded persons, he was involved in a collision with an automobile at an intersection. Claimant, after stopping for a stop sign, evidently edged his bus forward somewhat to gain better visibility of traffic on the intersecting street when the accident occurred. The mishap resulted in property damage to both vehicles, but no personal injuries. A company safety supervisor came to the scene and interviewed three children who were apparent witnesses, obtaining their verbal description which allegedly attributed fault to claimant for failure to have observed the stop sign. The police report, made by a nonwitness officer, stated "vehicle #2 [claimant's bus] apparently failed to yield to vehicle #1. After stop sign proceeded into intersection and was in collision with vehicle #1." No summons was issued claimant for any violation. He was fired for this accident because the employer chose to believe he violated the law in failing to obey the stop sign, obviously adopting the alleged witnesses' statements and police report. Three days prior to the accident, claimant had been interviewed by the employer in connection with its annual safety review. He signed a form entitled "Annual Review of Employee's Driving Record" in which he answered "no" to two questions. The first inquired whether he had been involved in any accident during the past year which resulted in property damage or personal injury. The second inquired whether he had been convicted of any moving violations or any criminal act during the past year. Although the testimony was unclear as to the exact date, it appears a

telephone inquiry was made to Department of Motor Vehicles concerning claimant's driving record and the employer learned that he had, in fact, been involved in two accidents during the preceding year, contrary to his answer on the review form. A printed abstract of claimant's driving record was obtained at an unspecified date, after the date claimant was fired, which confirms accidents on February 21, 1979 and April 14, 1979. At the hearing, the employer asserted that the false answers on the review form constituted supplementary justification for firing claimant. Claimant urged that the review form incident had not been asserted by the employer until long after he had been fired, and he attempted to explain his reason for answering the questions negatively. He testified that both earlier accidents occurred while he was driving his own car, not company buses, and that having recovered his property damage from the other drivers' carriers, he felt absolved of fault. Hence, he omitted reporting the accidents to the employer on the review form. The Administrative Law Judge sustained the employer's objection to payment of benefits, overruling the initial determination of eligibility by the Industrial Commissioner. The Law Judge found that claimant was discharged because he falsified his review form and that, accordingly, he lost his employment due to misconduct. Notably, with respect to the February 15 accident, the Law Judge found that "Claimant's vehicle, which was stopped at a stop sign, was struck by another vehicle." The board affirmed this ruling, sustaining the finding of misconduct. This appeal ensued. The board's decision should be reversed. As required by board rule (12 NYCRR 461.2), the employer protested the initial determination awarding claimant benefits on the specified ground that the February 15 accident was caused by his failure to stop at a stop sign and that he was, therefore, guilty of misconduct. However, at the hearing, the employer's representative asserted that claimant was also discharged because he gave false answers on the review form. The Administrative Law Judge apparently rejected the employer's specified ground for protesting the initial determination (i.e., that claimant was guilty of misconduct arising out of the Feb. 15 accident), but then disqualified claimant on the ground he was guilty of misconduct in falsifying the review form. At no time prior to the hearing was claimant advised that his claim for benefits would be contested on this latter ground. Under the circumstances, the Administrative Law Judge's consideration of this ground was prejudicial to claimant's substantial rights and, therefore, improper (see 12 NYCRR 461.4 [d]; cf. *Matter of Fraekorn [Levine]*, 35 NY2d 869, revg 42 AD2d 917). Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.