EARTHLENE ALLEN et al., Respondents, and ROGER ANDERSON, Intervenor-Respondent, v BARBARA B. BLUM, as Commissioner of the State of New York Department of Social Services, Appellant, et al., Defendant.

First Department, March 11, 1982

APPEARANCES OF COUNSEL

*Gerald Slotnik* (*Arlene R. Silverman* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for appellant.

*Ian F. Feldman* of counsel (*David Goldfarb,* attorney), for respondents and intervenor-respondent.

FEIN, J.

In this declaratory judgment action, defendant Barbara B. Blum, Commissioner of the State Department of Social Services (State Commissioner), appeals from an order, Supreme Court, New York County (H. SCHWARTZ, J.), entered July 23, 1980 denying her motion to dismiss the complaint of plaintiffs-respondents who are recipients of home relief, whose public assistance was discontinued for failure to do an act required by the Commissioner of the City of New York Department of Social Services, defendant Stanley Brezenoff (the Agency). In each case notices of intent to discontinue public assistance (Notices) were sent to the plaintiffs. The Notices informed them that the Agency intended to discontinue home relief benefits.

The Notices referred to the failure of each plaintiff on a single occasion to report to a prospective employer, or a State employment office or a hospital for examination, as required by the applicable statute and regulations in connection with determining ability and availability for employment.

It is alleged that all except one of the plaintiffs (Michael Savage) were available for and willing to work at the time the Agency issued its Notices. Savage, at that time, was medically unable to work. It is further alleged that all failures to do the acts requested by the Agency were without "willfulness". All of the plaintiffs requested "fair hearings" pursuant to section 22 of the Social Services Law and 18 NYCRR Part 358. All of the determinations of the Agency were affirmed by the State Commissioner after fair hearings.

The complaint further alleges that the determinations of the Agency and the State Commissioner violated the Social Services Law and regulations issued pursuant thereto, and the due process clauses of the Federal and State Constitutions.

The State Commissioner and the Agency each made a motion to dismiss the complaint on the grounds that it did not state a cause of action, and that a plenary action would not lie against those officials whose actions are amenable

to review under CPLR article 78. It was also asserted that the action was time barred by reason of the four-month limitation in bringing article 78 proceedings. Special Term denied the motions on the grounds that the complaint states a cause of action and that the four-month time bar did not apply by reason of the decision in *Casserly v Blum,* a prior action brought by some of the plaintiffs in which the order of dismissal purported to permit the institution of a new proceeding within four months of the date of the order of dismissal in that action.

Only the State Commissioner appealed, by notice which stated that the appeal is "from so much of [the] order as denied her motion to dismiss the complaint for failure to state a cause of action". The State Commissioner concedes on this appeal that at least with respect to two or possibly three of the plaintiffs the proceedings were timely commenced, even under the four-month statute.

■ Although the State Commissioner did not appeal from so much of the order as denied the motion to dismiss on the ground of the Statute of Limitations, she now asserts that the order should be reversed because the action is time barred. We have concluded that the express limitation in the State Commissioner's notice of appeal that it was only from the denial of the motion to dismiss for failure to state a cause of action precludes us from reviewing whether the refusal to dismiss the complaint as time barred was in error. Application to deem the notice of appeal amended *nunc pro tunc* is denied.

This action, in the form of a declaratory judgment action, seeks not merely relief for the individual plaintiffs, but also a declaration that the continuing policy of lack of investigation by the Agency prior to the suspension or revocation of home relief is unlawful. In *Matter of Zuckerman v Board of Educ.* (44 NY2d 336, 343-344) it was ruled that a declaratory judgment action is a proper remedy to challenge a "continuing policy" and to review its legality. There the court was considering not only the individual complaints of the persons discharged, but the policy itself under which such discharges occurred. Here, plaintiffs seek not only individual relief in their respective cases for the Agency's neglect to investigate the reasons for their

failure to do the acts required of them, but also a review of the procedure whereby a notice of termination is sent for the failure to do such act prior to any inquiry by the Agency as to the reasons for such failure. They also seek to review the State policy which permits such procedure and apparently approves it by virtue of the decisions following the fair hearings.

Underlying the dispute is the plain obligation of persons who receive home relief benefits to co-operate with the efforts of local social services agencies to place them in employment (Social Services Law, § 131, subds 1, 5). At the time this action was initiated, subdivision 5 of section 131 of the Social Services Law[1] provided, in pertinent part, as follows:

"No assistance or care shall be given to an employable person who has not registered with the nearest local employment agency of the department of labor or has refused to accept employment in which he is able to engage.

"A person shall be deemed to have refused to accept such employment if he:

"a. fails to obtain and file with the social services district at least semi-monthly a new certificate from the appropriate local employment office of the state department of labor stating that such employment office has no order for an opening in part-time, full-time, temporary or permanent employment in which the applicant is able to engage, or

"b. *willfully* fails to report for an interview at an employment office with respect to employment when requested to do so by such office, or

"c. *willfully* fails to report to such office the result of a referral to employment, or

---

1. This law was amended, effective July 1, 1980, to provide sanctions for additionally failing to search actively and diligently for employment, refusing or willfully failing to accept a referral to or offer of employment, or refusing or willfully failing to report for scheduled counseling, testing, training, etc. (L 1980, ch 744, §§ 2, 5, subd a). The former language will be reinstated practically verbatim, effective July 1, 1982 (L 1980, ch 744, §§ 4, 5, subd b), subject to a report by the Department of Social Services evaluating the effectiveness of the employment assistance program through March 1 of this year (L 1980, ch 744, § 5, subd a; see, also, L 1980, ch 743).

"d. *willfully* fails to report for employment. Such willful failures or refusal as above listed shall be reported immediately to the social services district by such employment office." (Emphasis added.)

Title 18 NYCRR 385.7 provides in pertinent part as follows:

"(a) An individual required to accept manpower services and certification shall be deemed to have willfully refused to accept such services without good cause; and * * *

"(2) as a recipient, his assistance shall be discontinued if he willfully fails, without good cause, to:

"(i) report to the State Employment Service for an interview with respect to employment or training when requested to do so by such office;

"(ii) accept referral to employment or to report to such office the results of a referral;

"(iii) accept employment or training;

"(iv) report for employment or training;

"(v) continue in employment or training; or

"(vi) accept referral to report to, or participate in, a supported work project or work relief on a public work project."

Title 18 NYCRR 358.9 states the duties of the Agency before issuing a notice of intent to discontinue benefits:

"Responsibility of the [agency] in cases of proposed discontinuance, suspension or reduction of assistance. When a[n agency] proposes to discontinue, suspend or reduce a grant of assistance, [it] * * * shall:

"(a) review, or cause to be reviewed, the proposed action to determine its correctness on the basis of the available evidence in support of such action which shall be included in the case record;

"(b) if, after the review, it is decided that the proposed action would be correct, send, or cause to be sent, a notice of the proposed action, as defined in section 358.8 (a) (2)".

Title 18 NYCRR 351.22 (d) provides, with respect to the duty of the Agency when it receives an indication of

ineligibility: "When a[n agency] receives indication of ineligibility or of change in degree of need, action shall be taken to review these situations as they occur. An investigation shall be initiated promptly and completed within 30 days." When ineligibility has been verified, 18 NYCRR 351.22 (e) provides in part: "When a[n agency] verifies ineligibility or a change which results in a decrease in need, it shall immediately initiate action to notify the recipient of the proposed change in his assistance grant * * * An appropriate entry shall be made in the case record of whatever action is taken, and the basis for this." Finally, 18 NYCRR 351.7 states in part: "The findings of the investigation together with the recommendations for case action shall be reviewed and approved by the supervisor."

It is apparent that the statute and regulations prescribe procedures requiring an on-going investigation to determine ineligibility before the determination is made. An investigation is defined in part as "a continuous process which is concerned with all aspects of eligibility for public assistance or care from the period of initial application to case closing." (18 NYCRR 351.1 [a].)

In the cases here involved it is undisputed that upon receipt of information that each of the petitioners had failed to do an act required by the statute and regulations, the Agency sent a Notice to each petitioner involved, substantially in the following form: "This is to advise you that this Department intends to discontinue your public assistance grant on [date] for the following reason(s):"

The Notices[2] thereafter contained statements, of which the following are examples:

(Plaintiff Allen) "OUR INFORMATION AS OF 12/05/78[3] IS THAT AFTER ASSIGNMENT TO A PUBLIC WORKS PROJECT SPONSER [sic] AGENCY, YOU FAILED TO REPORT TO WORK REGULARLY AND ON-TIME OR OTHERWISE FAILED TO PERFORM YOUR

---

2. The Notice directed to plaintiff Horne is not contained in the record.

3. Plaintiff Ortega - 01/15/79; plaintiff Washington - 03/08/79.

ASSIGNED DUTIES. THEREFORE YOUR CASE IS NO LONGER ELIGIBLE FOR PUBLIC ASSISTANCE. SEE STATE REGULATION 385.7."

(Plaintiff Broward) "OUR INFORMATION AS OF 03/06/79[4] IS THAT YOU FAILED TO KEEP AN APPOINTMENT WITH THE EMPLOYMENT INTERVIEWER IN THE INCOME MAINTENANCE CENTER FOR THE PURPOSE OF EVALUATING YOUR CURRENT EMPLOYABILITY STATUS AND CONTINUED ELIGIBILITY FOR ASSISTANCE IN YOUR CURRENT CATEGORY. SEE STATE REGULATION 351.21."

(Plaintiff Cabrera) "OUR INFORMATION AS OF 09/18/78[5] IS THAT YOU HAVE FAILED TO KEEP AN APPOINTMENT OR CONTACT THE PUBLIC WORKS PROJECT INTAKE SECTION. THEREFORE YOUR CASE IS NO LONGER ELIGIBLE FOR PUBLIC ASSISTANCE. SEE STATE REGULATION 385.7."

(Plaintiff Funderburk) "OUR INFORMATION AS OF 10/13/78[6] IS THAT YOU FAILED TO REPORT TO THE NEW YORK STATE EMPLOYMENT SERVICE FOR A JOB PLACEMENT INTERVIEW. THEREFORE YOUR CASE IS NO LONGER ELIGIBLE FOR PUBLIC ASSISTANCE. SEE STATE REGULATION 385.7."

(Plaintiff Rodriguez) "OUR INFORMATION AS OF 05/21/79 IS THAT YOU FAILED TO COMPLY WITH OUR REQUEST TO HAVE A MEDICAL EVALUATION. THEREFORE, YOUR CASE IS NO LONGER ELIGIBLE FOR PUBLIC ASSISTANCE. SEE STATE REGULATION 385.7."

(Plaintiff-intervenor Anderson) "OUR INFORMATION AS OF 01/03/80 IS THAT YOU FAILED TO KEEP YOUR APPOINTMENT FOR EMPLOYMENT REFERRAL AT THE DIVISION OF EMPLOYMENT SERVICES, 109 E. 16 ST. THEREFORE, YOUR CASE IS NO LONGER ELIGIBLE TO RECEIVE PUBLIC ASSISTANCE. SEE STATE REGULATION 385.3."

There followed after this information a Spanish translation of the same, and then the preprinted statement: "You may have a conference at this center to review this decision at any time before the proposed date of discontinu-

4. Plaintiff Savage - 01/22/79.

5. Plaintiff Ellison - 04/20/79; plaintiff Greene - 10/27/78; plaintiff Papadakis - 12/19/78; plaintiff Scott - 06/19/79.

6. Plaintiff Koon - 10/23/78.

ance of your grant. If you wish a conference, please call us at_____

(telephone no.)"

The printed form contains a further notice:

### "RIGHT TO FAIR HEARING

"If you believe that your assistance should not be discontinued, you may request a state fair hearing by telephoning 488-6550 or by writing to Fair Hearing Section, New York State Department of Social Services, 40 North Pearl Street, Albany, New York 12243. If you request a fair hearing, a notice will be sent to you informing you of the time and place of your hearing. At the hearing, you, your attorney or other representative will have an opportunity to present relevant written and oral evidence as to why this action should not be taken. You will also have an opportunity to question any persons who appear at the hearing to present evidence against you. If you request a fair hearing before the date your assistance is proposed to be discontinued, you will continue to receive your assistance unchanged until the fair hearing decision is issued.

"Since your public assistance grant will be discontinued, your Medical Assistance and Food Stamps will also be discontinued. However, you may still be eligible for Medical Assistance and Food Stamps if you apply for them separately. For information with respect to Medical Assistance, call 594-3050; for Food Stamps, call 929-8800."

It is plain from these notices that the recipients have been advised that their rights were to be terminated for an alleged single failure to do an act required by the statute and regulations, subject to a case conference to be held at the recipient's request. There is no evidence of any inquiry or other investigation up to that point. The State Commissioner concedes that the local agency may terminate benefits only after investigating whether the recipient had good cause for noncompliance with the Rules. The State Commissioner urges that this investigatory requirement is satisfied by asking the recipient as to his reasons for noncompliance at a case conference, after the notice of intent has been served.

■ The State Commissioner notes that assistance continues unchanged pending review at the fair hearing conducted by the State Commissioner, if requested, and that the conference is optional. On the other hand, the plaintiffs point out that to send a notice of termination before any inquiry has been made is to conduct no investigation at all. It is plain that the Notice on its face indicates a prior determination to terminate, and thus violates the statute and the regulations. The State Commissioner contends that a preliminary investigation will require the Agency to verify or disprove its case prior to the fair hearing, thus violating subdivision 1 of section 306 of the State Administrative Procedure Act, which imposes the burden of proof upon the applicant. The State Commissioner ignores the settled rule that the Agency has the burden of showing that a recipient is no longer eligible for benefits (see *Matter of Hagood v Berger,* 42 NY2d 901; *Matter of Hammill v Blum,* 75 AD2d 581, 582).

Title 18 NYCRR 358.8 (a) (2) requires that a notice of intent provide "details of reasons for the proposed action". Failure to provide notice in such form violates the regulation (*Matter of Brooks v Dumpson,* 47 AD2d 826; *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867). An administrative agency is bound by its own rules and regulations (*Matter of Chambers v Coughlin,* 76 AD2d 980, 981).

Under the practice as followed, there was and is palpably no inquiry or investigation prior to the service of notice of intent to discontinue benefits. The form of the notice plainly indicates that a determination to discontinue benefits has been made prior to investigation. There is no inquiry whether the failure was willful or without good cause. The failure of the notice to inform plaintiffs of the issues for the hearing or conference violates the regulations and due process. (See *Goldberg v Kelly,* 397 US 254, 267-268; *Matter of Simmons v Van Alstyne,* 65 AD2d 869, 871; *Matter of Brooks v Dumpson, supra.*)

Fair hearings, as required by section 22 of the Social Services Law and 18 NYCRR Part 358, provide an administrative appeal process on the assumption that the local agency has made its determination upon relevant facts

after an investigation (see *Matter of Corripio v Blum,* 74 AD2d 555). The administrative appeal process is not a substitute for proper prior procedures at the agency level. Whatever its value in individual cases, the administrative appeal process may not regularly be used as a vehicle to conduct a requisite inquiry which the agency continually fails to institute (see *Matter of Viglietta v Blum,* 108 Misc 2d 516).

The Agency and the State Commissioner apparently have failed continually and regularly to perform a duty enjoined upon them by the statute and regulations, requiring the Agency to conduct a proper inquiry before sending a notice of termination. Whether there ever were investigations in the individual cases here involved is open to question. The record is insufficient to determine whether there was evidence justifying termination in any of the cases, in any event. Whatever the facts, with respect to the individual cases, the record is insufficient, premised as it is upon a complaint and a motion to dismiss for failure to state a cause of action. There has been no answer.

With respect to the Agency's notice procedure and practice, approved by the State Commissioner at fair hearings, sufficient is alleged and not denied to demonstrate, at least prima facie, a persistent failure to comply with the applicable statute and regulations to the prejudice of the plaintiffs and those similarly situated. The complaint is sufficient, and Special Term properly sustained it.

The order, Supreme Court, New York County (H. Schwartz, J.), entered July 23, 1980, denying the State Commissioner's motion to dismiss the complaint, should be affirmed, without costs.

Kupferman, J. P. (dissenting). The plaintiffs ask for a declaratory judgment, and, in that connection, I would declare for the State Department of Social Services.

The opinion of the court fairly presents the issue and if carried to its logical conclusion, should lead to the result that I have indicated.

It may very well be that the matter is moot but I believe, in any event, we should declare. (*Matter of Storar,* 52 NY2d 363, 370.)

The issue presented is a narrow one. In each case, a recipient of public assistance failed to report to a prospective employer, or a State employment office or a hospital for examination, as required by the statute and regulations for the purpose of determining availability for employment.

Upon such failure, they were notified that their benefits would be terminated, with the concomitant opportunity to ask for a conference to review the determination and also to have a fair hearing. These would and could all take place prior to termination of benefits. In each case there was a fair hearing, as requested, and in each case, it was found that the failure to report was "without good cause" and a 30-day disqualification was imposed.

The only issue before us is whether there should be inquiry as to the reason for failure to appear *before* notification of termination.

There having been a fair hearing and a proper finding in each case affirmed by the State Commissioner, the nature of the notice matters not. However, as a matter of general policy, there is nothing wrong with a notification of termination provided the opportunity is made available, before actual termination, for the conference and the hearing. (See *Juidice v Vail*, 430 US 327, 337; *Mathews v Eldridge*, 424 US 319, 348.)

SANDLER, MARKEWICH and LUPIANO, JJ., concur with FEIN, J.; KUPFERMAN, J. P., dissents in an opinion.

Order, Supreme Court, New York County, entered on July 23, 1980, affirmed, without costs and without disbursements.