■ In the Matter of VIRGINIA COLLINS, Petitioner, v ALICE A. AMRHEIN, as Commissioner of Social Services of the County of Suffolk, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services (hereinafter the State Commissioner) dated May 15, 1986, which, after a hearing, affirmed a determination of the local agency denying the petitioner's application for payment of the premiums toward her private health insurance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner is a former employee of the Suffolk County Department of Social Services and, as such, is eligible to

convert her health insurance coverage from a group coverage to a Metropolitan Life Insurance Company conversion policy which provides individual coverage on a direct payment basis by the insured. She currently receives coverage under Medicaid or the Medical Assistance Program. Under that program, a local agency is authorized to pay the premiums of the Medicaid recipients' individual health insurance, provided that the "payment or part-payment by the social services agency would be cost-effective in reducing the expense of services to be rendered that individual or family household for which the medical assistance program is liable" (18 NYCRR 360.17 [g] [3]).

On April 7, 1986, the local agency denied the petitioner's application for payment of the premiums towards the Metropolitan Life Insurance Conversion policy on the ground that that payment would not be cost effective. After a fair hearing, the State Commissioner affirmed the local agency's determination. The petitioner then commenced the instant proceeding to review the State Commissioner's determination.

The evidence submitted by the local agency at the fair hearing established that the petitioner's medical bills for the one-year period preceding her application for the payment of her health insurance premiums were less than the cost of the premiums plus the deductible. Specifically, the cost of the annual premium of $634.44 plus the $500 deductible totaled $1,130.44 whereas the petitioner's medical claims for 1985 totaled only $734.80. Moreover, the coverage provided by the conversion policy was limited to 80% of the balance after deducting the $500 deductible and provided no dental coverage, limited coverage for oral surgery and no psychological counselling benefits on an out-patient basis. It was for these reasons that the local agency found that the payment of the conversion policy premiums would not be cost effective to it. This evidence was essentially unrebutted by the petitioner and, therefore, we conclude that the State Commissioner's determination is supported by substantial evidence in the record (see, CPLR 7803 [4]; Matter of Purdy v Kreisberg, 47 NY2d 354; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).

We note, however, that the petitioner now alleges that additional claims were submitted for payment of medical expenses incurred in 1985 that were not available at the fair hearing. She contends that the correct total was not $734.80, as stated at the hearing, but rather was $1,055. It is well settled, however, that a petitioner may not raise new claims

in a proceeding pursuant to CPLR article 78 that were not raised in the administrative hearing under review *(see, Matter of Hennekens v State Tax Commn.,* 114 AD2d 599, 600). Nevertheless, even assuming, arguendo, that the petitioner could submit the additional evidence in this proceeding, the alleged correct total of $1,055 is still less than the cost of the premiums plus the deductible. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.