sonable suspicion that the occupants of the van were smoking marihuana (*see, People v McLaurin,* 70 NY2d 779, 781-782; *People v Heston,* 152 AD2d 999; *People v Barnes,* 149 AD2d 359; *People v Hill,* 148 AD2d 546; *People v Cunningham,* 141 AD2d 557). Because the officer had the right to be in the position from which he observed the gun on the rear seat of the van, the plain view doctrine applied (*see, People v Diaz,* 81 NY2d 106, 109-111; *People v Shapiro,* 141 AD2d 577), and the seizure of the gun was appropriate. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.

■ In the Matter of UNITED HEBREW GERIATRIC CENTER, Petitioner, v BARBARA A. DEBUONO, et al., Respondents. [700 NYS2d 728] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated December 4, 1997, made after a hearing, which declined to review the denial of an application for medical assistance benefits dated March 11, 1994, on the ground that the request for a hearing to review the denial was not made within 60 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Initially, we note that inasmuch as the petition did not raise a question of substantial evidence, the matter was improperly transferred here (*see,* CPLR 7804 [g]). However, in the interest of judicial economy, we elect to retain jurisdiction and determine the issue raised on the merits (*see, e.g., Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174; *Matter of Dabulis v New York City Tr. Auth.,* 222 AD2d 433).

The record supports the determination of the Commissioner of the New York State Department of Health which declined to review the merits of a denial of medical assistance benefits on the ground that the request for a fair hearing to review the denial was not made within 60 days. Contrary to the petitioner's contention, the notice of denial complied with all of the requirements set forth in Social Services Law § 22 and the regulations set forth in 18 NYCRR 358-2.2. Accordingly, the 60-day period was not tolled by a defective notice (*cf., Matter of Zellweger v New York State Dept. of Social Servs.,* 74 NY2d 404; *Bryant v Perales,* 161 AD2d 1186). Ritter, J. P., Santucci, Thompson and Joy, JJ., concur.

■ In the Matter of BARBARA WEILLER, Respondent, v DOUGLAS WEILLER, Appellant. [700 NYS2d 733] —In a child support proceeding pursuant to Family Court article 4, Douglas Weiller appeals from an order of the Family Court, Dutchess County

(Pagones, J.), dated December 30, 1998, which denied his application for blood testing of the parties and their presumptive child to determine the paternity of the child.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is affirmed, with costs.

The Family Court properly determined that the doctrine of equitable estoppel precludes the appellant from challenging the paternity of the child (*see, Fung v Fung,* 238 AD2d 375; *Matter of Alan N. v Diana N.,* 213 AD2d 550). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.