■ In the Matter of MICHAEL McKEARNEY, Appellant, v JOHN B. WINGATE, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. [731 NYS2d 629] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Temporary and Disability Assistance, dated November

16, 1999, which, after a Fair Hearing, determined that there was no jurisdiction to review two determinations of the respondent Commissioner of the Suffolk County Department of Social Services, dated February 4, 1997, and June 19, 1997, respectively, denying the petitioner's applications for food stamps, on the ground that the petitioner failed to request the Fair Hearing within 90 days of the denials of his applications.

Adjudged that the determination is confirmed and the proceeding dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, there is substantial evidence to support the determinations of the Commissioner of the Suffolk County Department of Social Services that the petitioner's mental disability was not of such a nature as would toll the 90-day Statute of Limitations for requesting a Fair Hearing to challenge the denial of his two applications for food stamps.

The petitioner's contentions that the denial notices dated February 4, 1997, and June 19, 1997, respectively, were defective and inadequate as a matter of law, and thus that the 90-day Statute of Limitations for requesting a Fair Hearing was tolled, are also without merit. While it is true that a defective notice effectively tolls the 90-day period (*see, Matter of Zellweger v New York State Dept. of Social Servs.,* 74 NY2d 404), there is no basis for a toll in this case. The notices contain every provision required by the applicable statutes and regulations (*see,* Social Services Law § 22; 18 NYCRR 358-2.2). Therefore, the Statute of Limitations was not tolled (*see, Matter of United Hebrew Geriatric Ctr. v DeBuono,* 267 AD2d 390). The purported deficiencies in the notices asserted by the petitioner are insufficient to toll the Statute of Limitations.

The petitioner's remaining contentions are without merit. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.