■ In the Matter of GREG MYLES, Petitioner, v ROBERT DOAR et al., Respondents. [808 NYS2d 312]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the New York State Department of Health dated January 9, 2004, made after a hearing, as denied, as untimely, that branch of the petitioner's request which was for a fair hearing to review so much of a determination of the New York State Department of Health dated November 27, 2002, as denied that branch of the petitioner's application which was for medical assistance benefits.

Adjudged that so much of the determination dated January 9, 2004, as denied, as untimely, that branch of the petitioner's request which was for a fair hearing to review so much of the determination dated November 27, 2002, as denied that branch of the petitioner's application which was for medical assistance benefits is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

In November 2002 the petitioner's application, inter alia, for medical assistance benefits was denied (see Social Services Law § 336). By determination dated January 9, 2004, inter alia, that branch of the petitioner's request which was for a fair hearing to review so much of the determination as denied medical assistance benefits was denied, as untimely, because it was not made within the relevant 60-day period of limitation (see 18 NYCRR 358-2.2). The petitioner commenced this CPLR article 78 proceeding to review so much of the determination dated January 9, 2004, as denied, as untimely, that branch of the request which was for a fair hearing to review the denial of that branch of the application which was for medical assistance benefits. The petitioner argues that the notice denying his application for benefits did not constitute "adequate notice" as required by the relevant regulations (18 NYCRR 358-2.2) and, therefore, was insufficient to have commenced the running of the period of limitation. We disagree.

The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) because the petition does

not raise a substantial evidence issue. However, in the interest of judicial economy, we retain jurisdiction and determine the issue raised on the merits (*see e.g. Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y.,* 24 NY2d 174 [1969]; *Matter of United Hebrew Geriatric Ctr. v DeBuono,* 267 AD2d 390 [1999]).

At the administrative hearing that addressed the issue of the timeliness of that branch of the petitioner's request which was for a fair hearing, the petitioner did not raise any issue as to the adequacy of the notice denying his application for benefits. A petitioner may not raise a new claim in a proceeding pursuant to CPLR article 78 that was not raised in the administrative hearing under review (*see Matter of Ambery v Board of Trustees of N.Y. City Fire Dept., Art. I-B Pension Fund,* 298 AD2d 582 [2002]; *Matter of Collins v Amrhein,* 144 AD2d 461 [1988]). Thus, the petitioner's argument is not properly before this Court.

In any event, the argument is without merit. The notice denying the petitioner's application, inter alia, for medical assistance benefits constituted "adequate notice" under the relevant regulations (18 NYCRR 358-2.2; *see Matter of Capek v Blum,* 76 AD2d 924 [1980]; *Cruz v Lavine,* 45 AD2d 720 [1974]; *see Matter of Ector v Blum,* 80 AD2d 931 [1981]). Accordingly, the relevant 60-day period of limitation was not tolled by defective notice (*see Matter of Zellweger v New York State Dept. of Social Servs.,* 74 NY2d 404 [1989]; *Matter of United Hebrew Geriatric Ctr. v DeBuono, supra*). Because the petitioner does not otherwise challenge so much of the determination dated January 9, 2004, as denied that branch of his request which was for a fair hearing to review the denial of that branch of the application which was for medical assistance benefits, we confirm that portion of the determination, deny the petition, and dismiss the proceeding. H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.