■ In the Matter of AARON TAYLOR, Petitioner, v RITA E. ADLER, Respondent. [900 NYS2d 734]—

Proceeding pursuant to CPLR article 78 to review a determination of the Grievance Committee for the Tenth Judicial District dated May 16, 2008, advising the petitioner that it would not take any action against a certain attorney, which proceeding was transferred to this Court by order of the Supreme Court, Suffolk County (Spinner, J.), dated September 22, 2009. Motion by the respondent pursuant to CPLR 3211 (a) (2) to dismiss the proceeding. Motion by the petitioner for leave to prosecute the proceeding as a poor person and for the assignment of counsel.

Ordered that the branch of the petitioner's motion which is to waive the filing fee is denied as unnecessary as there is no filing fee in a proceeding pursuant to CPLR article 78 which has been transferred to this Court; and it is further,

Ordered that the petitioner's motion is otherwise denied as academic; and it is further,

Ordered that the motion to dismiss the proceeding is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The Supreme Court erred in transferring this proceeding to this Court because the petition does not raise a substantial evi-

dence issue (*see* CPLR 7804 [g]). However, in the interest of judicial economy, we retain jurisdiction and determine the respondent's motion to dismiss on the merits (*see Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y.*, 24 NY2d 174 [1969]; *Matter of United Hebrew Geriatric Ctr. v DeBuono*, 267 AD2d 390. [1999]).

Judiciary Law § 90 (2) vests the exclusive power to "censure, suspend from practice or remove from office any attorney and counsellor-at-law . . . who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice" to the Appellate Division of the Supreme Court. Judiciary Law § 90 (7) grants the justices of the Appellate Division the exclusive power to "appoint any attorney and counsellor-at-law to conduct a preliminary investigation and to prosecute any disciplinary proceedings." Pursuant to the latter authority, this Court adopted 22 NYCRR 691.4, which created three attorney grievance committees to, inter alia, investigate complaints and prosecute disciplinary proceedings. The present CPLR article 78 proceeding, commenced in the Supreme Court, seeks to review the actions of counsel to one of those grievance committees in declining to investigate and prosecute a disciplinary proceeding against an attorney based on a complaint made by the petitioner. The proceeding must be dismissed, because only the Appellate Division of the Supreme Court and not an IAS, special, trial, or other term of the Supreme Court has jurisdiction over attorney disciplinary matters (*see* Judiciary Law § 90), and because the original jurisdiction of the Appellate Division over CPLR article 78 proceedings is limited to those brought against a justice of the Supreme Court or judge of the County Court, which is not the case here (*see* CPLR 506 [b] [1]). There is, thus, no venue where a CPLR article 78 proceeding concerning an attorney disciplinary matter may validly be brought. Review of a determination of counsel to a grievance committee in this Judicial Department may be had administratively by letter addressed to the chairperson of the committee and, if unsuccessful at that level, by letter to the Presiding Justice. Rivera, J.P., Florio, Miller and Roman, JJ., concur.