■ In the Matter of CRISTINA PAYANO, Petitioner, v ELIZABETH R. BERLIN et al, Respondents. [945 NYS2d 287]—

Determination of New York State Office of Temporary Disability Assistance (OTDA), dated April 20, 2010, after a hearing, that it lacked jurisdiction to review New York City Human Resources Administration's (HRA) decision to discontinue petitioner's public assistance benefits, unanimously confirmed, the petition denied, and this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [O. Peter Sherwood, J.], entered on or about January 10, 2011), dismissed, without costs.

Substantial evidence supports OTDA's determination that

petitioner failed to establish a basis for tolling the 60-day time limit for her request for a fair hearing on HRA's decision to discontinue her public assistance benefits (see Social Services Law § 22 [4] [a]; 18 NYCRR 358-3.5 [b] [1]). Petitioner failed to preserve her contention that the time limit is tolled by her mental illness and illiteracy and the fact that the notice of decision was not in Spanish and was therefore defective (see Matter of Myles v Doar, 24 AD3d 677, 678 [2005]). In any event, petitioner testified that she received the notice, that she went to HRA's office on December 23, 2009 to dispute the termination of her benefits, and that, while there, she was advised of her rights to a fair hearing. Nothing in the record supports her claim that her delay in requesting a fair hearing until February 18, 2010, 10 days after the deadline, was attributable to mental illness, illiteracy or a defective notice.

Petitioner's claim that the time limit is tolled by the fact that she is a victim of domestic violence, while preserved, is unsupported by any evidence that domestic violence prevented her from timely requesting a fair hearing.

We have considered petitioner's remaining contentions and find them without merit. Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ.