■ In the Matter of STATEN ISLAND BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, Appellant, v STATE OF NEW YORK GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH & THIRTEENTH JUDICIAL DISTRICTS, Respondent. [41 NYS3d 21]—

Judgment (denominated a decision and order), Supreme Court, Kings County (Bernard J. Graham, J.), entered on or about March 22, 2016, denying the petition to annul respondent's determination, dated April 27, 2015, which declined to open an investigation into petitioner's disciplinary complaint, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The court's determination that it lacked jurisdiction over this article 78 proceeding to challenge an Attorney Grievance Committee decision declining to investigate the handling of the grand jury proceeding in the Eric Garner case by former Richmond County District Attorney Daniel Donovan is supported by well-settled authority; the only avenue for review has already been exhausted through the reconsideration process and an application to the Presiding Justice of the Appellate Division, Second Department (*Matter of Taylor v Adler*, 73 AD3d 937 [2d Dept 2010], *lv denied* 15 NY3d 712 [2010]; *Matter of Pettus v Dudis*, 82 AD3d 896 [2d Dept 2011], *lv denied* 6 NY3d 816 [2006]).

Petitioner's attempt to seek court review and a disciplinary remedy against a duly elected prosecutor who acted within the discretion of his office also fails under the doctrine of separa-

tion of powers (*Matter of Soares v Carter*, 25 NY3d 1011 [2015]; *Klostermann v Cuomo*, 61 NY2d 525, 535-536 [1984]; *Jones v Beame*, 45 NY2d 402, 408 [1978]). In any event, petitioner's allegation, that a publicly-elected district attorney is possessed of a conflict of interest per se whenever seeking an indictment against a local police officer, was not sufficiently particularized. Moreover, other remedies are available to hold prosecutors accountable for their discretionary conduct, including the electoral process and an executive order of the Governor transferring prosecutorial authority to the Attorney General, which, in fact, has occurred for future cases involving fatal actions by police officers (Executive Order [Cuomo] No. 147 [9 NYCRR 8.147] [July 8, 2015]). Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.