Matter of Dell'Olio v New York State Off. of Temporary & Disability Assistance (2018 NY Slip Op 07428)





Matter of Dell'Olio v New York State Off. of Temporary & Disability Assistance


2018 NY Slip Op 07428


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-00224 DECISION, ORDER & JUDGMENT
 (Index No. 15037/15)

[*1]In the Matter of Felicia B. Dell'Olio, etc., respondent,
v
New York State Office of Temporary and Disability Assistance, et al., appellants.


Barbara D. Underwood, Attorney General, New York, NY (Judith N. Vale and David S. Frankel of counsel), for appellant New York State Office of Temporary and Disability Assistance.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack, Megan E.K. Montcalm, and Jamison Davies of counsel), for appellant New York City Human Resources Administration.
Andrew J. Dell'Olio, New York, NY, for respondent.



In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated November 3, 2014, which, after a fair hearing, confirmed a determination of the New York City Human Resources Administration dated June 13, 2014, denying the petitioner's application for reimbursement for home care services, the appeal is from a judgment of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated December 13, 2016. The judgment granted the petition, annulled the determination dated November 3, 2014, and awarded the petitioner the total sum of $34,389.70.
ORDERED that the appeal is dismissed and the judgment is vacated; and it is further,
ADJUDGED that the determination dated November 3, 2014, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The decedent suffered from Parkinson's disease. As the decedent's condition deteriorated, his wife could no longer take care of him and required assistance. In 2008, she employed two home health aides whom she and the decedent paid for personally. In November 2013, the decedent applied for Medicaid, and was subsequently approved as a Medicaid beneficiary with coverage retroactive to November 1, 2013. In March 2014, the decedent applied to a Medicaid program known as Consumer Directed Personal Assistance Program (hereinafter CDPAP). Under that program, the decedent could continue to use the same home health aides he had hired since 2008 and they would be paid through a fiscal intermediary (18 NYCRR 505.28[i][i]). The decedent's CDPAP application was approved on May 7, 2014. The decedent and his wife paid out-of-pocket expenses for home health aides from 2008 through April 2014.
The decedent requested reimbursement from the New York City Human Resources Administration (hereinafter the HRA) for his expenditures toward home aide costs during the period of January 1, 2014, through May 1, 2014. In a determination dated June 13, 2014, the HRA denied the application on the ground that the services had not been rendered by a provider who participated in the Medicaid program. After a fair hearing, the determination was confirmed by the New York State Department of Health (hereinafter the DOH) in a determination dated November 3, 2014. In December 2015, the petitioner commenced this CPLR article 78 proceeding challenging the DOH's determination confirming the HRA's refusal to reimburse the monies expended for the decedent's home care services he required from October 1, 2013, through May 1, 2014. The Supreme Court granted the petition, annulled the DOH's determination, and directed the DOH to pay the petitioner the total amount of $34,389.70.
Preliminarily, since the petition raises only the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court without deciding that issue (see Matter of Masullo v City of Mount Vernon, 141 AD3d 95, 100). Nonetheless, since the record is now before us, we will treat the proceeding as though it had been properly transferred and review the matter accordingly (see Matter of Patricia Ann Cottage Pub, Inc. v Mermelstein, 36 AD3d 816, 817).
To the extent that the petitioner seeks reimbursement for services rendered between August 2013 and December 2013, and to the extent that she claims that approval of the CDPAP program was unreasonably delayed, those claims were not raised in the administrative hearing under review, and thus, such claims are not properly before this Court and have not been considered (see Matter of Peckham v Calogero, 12 NY3d 424, 430; Matter of Maione v New York State Off. of Temporary & Disability Assistance, 144 AD3d 916; Matter of Collins v Amrhein, 144 AD2d 461, 462-463).
There is substantial evidence supporting the DOH's determination that the decedent was not entitled to reimbursement for out-of-pocket expenses incurred from January 2014 through May 2014. The HRA may directly reimburse individuals who make out-of-pocket payments for covered services if it erroneously denies an individual's application for coverage or delays in determining eligibility (see 18 NYCRR 360-7.5[a][3]). Here, there was no erroneous denial of eligibility or delay in determining eligibility. Accordingly, the DOH's determination was supported by substantial evidence, and we deny the petition and dismiss the proceeding on the merits.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court