OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The only issues raised by the commissioner’s motion to dismiss were whether a declaratory judgment action could be brought against her and whether the complaint stated a cause of action. We agree with the courts below that because the action seeks review of a continuing policy, a declaratory judgment class action rather than individual article 78 proceedings is proper (Matter of Zuckerman v Board of Educ., 44 NY2d 336, 333-334),
We agree also that the complaint sufficiently states a cause of action for declaratory relief, but do not find it necessary to reach the question whether due process requires that the commissioner’s investigation be completed before a notice of termination is issued, that requirement being contained in the commissioner’s present regulations which, of course, are binding upon her (Matter of Frick v Bahou, 56 NY2d 777, 778). Subdivision 5 of section 131 of the Social Services Law requires that before a recipient may be deemed to have refused to accept employment his or her failure to report be willful; 18 NYCRR 351.22 (e) directs that a social service district verify ineligibility before it notifies a recipient of a proposed change in his assistance grant; 18 NYCRR 358.8 (a) (2) defines adequate notice of discontinuance as “a written notice that includes details of reasons for the proposed action.” The regulations and the statute thus mandate that willfulness, which is an element of ineligibility, be verified prior to notice of termination and that the notice detail that it is the willful failure to report upon which discontinuance is based.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.