■ TRACY WILLIAMS et al., Appellants, and ARETHA JENNINGS et al., Intervenors-Appellants, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Order of the Supreme Court, New York County (Maresca, J.), entered February 18, 1982, which, *inter alia,* granted defendants' motion dismissing those causes of action in the complaint seeking injunctive and declaratory relief and also converted the remainder of the complaint into separate proceedings pursuant to CPLR article 78, is modified, on the law, to limit the dismissal of the complaint solely to the extent of the relief requested in paragraphs (i), (j) and (k) of the prayer for relief, to reinstate the complaint and to strike the decretal paragraph of the order directing separate article 78 proceedings for each plaintiff or plaintiff-intervenor, and otherwise affirmed, without costs. Plaintiffs-appellants and plaintiffs-intervenors-appellants are women who have received adverse decisions after "fair hearings" concerning benefits allegedly due them under the Aid to Families with Dependent Children (AFDC) program. They commenced this action purporting to represent a proposed class consisting of "all AFDC recipients and applicants in the State of New York who have received or will receive an adverse State fair hearing decision in which the State failed or will fail to extend to the recipient or applicant the benefit of a prior hearing decision or court order." Plaintiffs assert that the State has not always applied the rationales and rulings of prior hearing decisions or court orders to other AFDC recipients and applicants in the same situation as those directly affected by the prior decisions. They seek assorted declaratory, injunctive and monetary remedies in their complaint. Initially, we note that a class action is inappropriate in the circumstances present herein. Fair hearing decisions involve questions of law and fact affecting the particular individuals concerned. Hence, many questions would not be common to the class proposed in the complaint. Class action relief is not necessary where governmental operations are involved since subsequent claimants will be adequately protected by *stare decisis* which binds the State. What plaintiffs request this court to do is to direct defendants to follow a particular principle of law. This is too abstract and academic a proposition to properly be the subject of a lawsuit. For this court to state that it requires the agency to conform its action to decided dispositions involving the same issues of fact and law would be surplusage. Plaintiffs have failed to establish a "continuing policy" by the Department of Social Services to ignore its own determinations, in general. However, insofar as the present plaintiffs seek review of continuing policies of respondents as these policies affect them, they may continue to maintain this declaratory judgment action solely as to their specific grievances. The action of Special

Term in striking the complaint and granting plaintiffs leave to institute proceedings pursuant to CPLR article 78 was therefore in error (see *Allen v Blum,* 85 AD2d 228, 230-231, affd 58 NY2d 954). Concur — Asch, Silverman, Bloom and Kassal, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: If, as the plaintiffs-appellants contend, it is the "continuing policy" of the Department of Social Services to ignore or avoid determinations until there has been a ruling by the highest court, then a class action is proper. (*Allen v Blum,* 58 NY2d 954.)