OPINION OF THE COURT
Robert W. Coutant, J.
In this CPLR article 78 proceeding, petitioners seek to have the court direct the respondents to transport parole violators* being held in county jails to State facilities, and to declare *694 invalid a document generated by the Division of Parole entitled "Warrant for return of paroled or conditionally released prisoner to a correctional facility”, which directs the Sheriff to transport those prisoners. Petitioners argue generally that the Division of Parole does not have any authority under the law to issue the warrants referred to, that the task of transporting State-ready parole violators has traditionally been performed by the Division of Parole and that such practice should be continued.
Respondents maintain that although there is no specific statutory authority directing the Sheriff to transport these prisoners, a fair reading and interpretation of existing law leads to the conclusion that the Sheriff is the proper authority to complete this task. Thus, respondents request the court to direct petitioners to transport these persons upon request.
PROCEDURAL POSTURE
The first issue before this court is whether this case is properly brought as an article 78 proceeding or whether it should be converted into a declaratory action. The CPLR provides in relevant part "If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.” (CPLR 103 [c].)
The distinction between which matters should properly be brought as article 78 proceedings and which ones should be brought as actions for a declaratory judgment is often a confusing one. (See generally, 1 Weinstein-Korn-Miller, NY Civ Prac Ü 103.03.) However, some guidance has been provided by the case law. In Matter of Zuckerman v Board of Educ. (44 NY2d 336 [1978]) petitioners were employees who commenced an article 78 proceeding challenging respondents’ refusal to bargain with supervisory personnel about to be laid off under a policy adopted by respondents. The Court of Appeals, reversing the courts below, converted the action into one for a declaratory judgment. The court noted, "Petitioners * * * seek review of the continuing policy of discharging personnel selected from eligible lists and replacing them with holders of certificates of competence, and they seek review of the legality of the issuance of these certificates of competence. Since they seek more than may be permitted under an article 78 proceeding (CPLR 7803), this proceeding should be and is thus con *695 verted to an action for a declaratory judgment (CPLR 103, subd [c])”. (Supra, at 344.)
Similarly, in Allen v Blum (58 NY2d 954 [1983]) plaintiffs were recipients of home relief who failed to report to prospective employers or to comply with other statutory directives in order to receive public assistance. When their assistance was discontinued, they commenced a declaratory action challenging the legality of respondents’ actions. Citing to Zuckerman (supra) the Court of Appeals found that "because the action seeks review of a continuing policy, a declaratory judgment class action rather than individual article 78 proceedings is proper” (Allen v Blum, supra, at 956).
In the instant case, as in Zuckerman (supra) and Allen (supra), both petitioners and respondents are in effect asking this court to review a long-standing policy under which the Division of Parole has transported the prisoners in question. Stated differently, the parties are seeking a judicial interpretation and explanation of the law as it pertains to a specific situation and a declaration of the rights and obligations of the parties. Therefore, this action should properly be and is converted into one for a declaratory judgment.
MERITS OF THE ARGUMENTS
A review of the statutory law shows that no specific provision was made by the Legislature for transportation of parole violators from county to State correctional facilities. Given the absence of statutory guidance, the question remains whether petitioners or respondents should bear that responsibility. A review of other existing statutes dealing with similar situations, together with a commonsense construction, leads to the conclusion that the Sheriff should be responsible for transportation of parole violators in his custody to State facilities.
After a criminal defendant is convicted of a crime, the trial court imposes an appropriate sentence. At that time, legal custody of the defendant passes to an "appropriate public servant * * * until the sentence is complied with.” (CPL 430.20 [1].) If the court imposes an indeterminate sentence, legal custody of the convicted defendant passes to the State Department of Correctional Services (DOCS) under the provisions of CPL 430.20 (2) and Penal Law § 70.20 (1). An order of commitment, issued by the court in accordance with CPL 430.20 (2), directs that the prisoner be delivered to an appropriate institution designated by the Department of Correctional Services.
*696 However, while legal custody of the prisoner is transferred to DOCS immediately upon sentencing of the defendant to an indeterminate term, the statutory scheme also recognizes that physical custody of the prisoner remains for a time with the local authorities. First, the order of commitment directs the Sheriff to transport the State-ready prisoner. (CPL 430.30.) Secondly, provision is made for payment to the county for housing State-ready prisoners in county jails until such time as housing becomes available in the State system. (See, Correction Law § 600 et seq.) Finally, provisions are made for payment by the State to the Sheriff for reimbursement of transportation costs to physically transfer these prisoners to the State facilities. (Correction Law §§ 601-c, 602.) Thus, the statutory scheme clearly provides for a newly sentenced prisoner, legally in the custody of State authorities but physically in the custody of the local Sheriff, to be housed and ultimately transported by the Sheriff to a State correctional facility.
In the case of a parole violator, a similar dichotomy regarding legal versus physical custody exists after arrest. When a prisoner is released on parole, legal custody of that person shifts from the Department of Correctional Services to the Division of Parole. (Executive Law § 259-i [2] [b].) As long as the parolee does not violate the terms and conditions of his parole, no agency has physical custody and he remains "free” to come and go as he wishes within the limits established for his release. If the terms of parole are violated, the Division of Parole has the authority to issue a warrant for the retaking of the alleged parole violator. (Executive Law § 259-c [6]; § 259-i [3]; 9 NYCRR 8004.2.) It cannot be disputed at this point that actual physical custody after arrest of the alleged parole violator is the responsibility of the local Sheriff. (County of Nassau v Cuomo, 69 NY2d 737 [1987].) As in the case of the newly convicted prisoner in the custody of the Sheriff until delivery to the State authorities, the parolee in the physical custody of the Sheriff is the Sheriff’s responsibility until the actual transfer takes place. Logically then, as with the newly sentenced prisoner, the proper authority to physically move the parolee from the county facility to the State facility is the Sheriff.
Petitioners argue that a distinction exists between the situation where a newly convicted defendant is sentenced and the situation where the parolee is taken into custody for alleged violation of the terms and conditions of his release. In essence, petitioners argue that CPL 430.20 contemplates a *697 "commitment” of the prisoner pursuant to a court order, which also directs the Sheriff to transport the prisoner to an appropriate State facility. Petitioners maintain that this is not the case where the Division of Parole, rather than a court of competent jurisdiction, issues a warrant for the retaking of a parole violator. However, as respondents point out, there remains an underlying court order of commitment even while the parolee is not incarcerated. Therefore, the fact that the Division of Parole is issuing a warrant for retaking rather than a Judge or Justice is not persuasive. The prisoner is being transported back to a State facility to complete a sentence lawfully imposed by a court while an underlying court order of commitment remains in effect.
While there is no case law directly dealing with the issue before this court, a number of cases have dealt with analogous situations. In City of Poughkeepsie v County of Dutchess (88 AD2d 964 [2d Dept 1982]) plaintiff sued to recover the costs of transporting prisoners from the county jail to the Poughkeepsie City Court and back. Supreme Court granted plaintiff’s motion for partial summary judgment on the issue of liability. The Appellate Division affirmed the court below noting that "[t]he law is now well settled that under these circumstances the County Sheriff has the primary responsibility for transportation of prisoners between the City Court and the county jail”. (Supra, at 964; see also, Village of Walden v County of Orange, 85 AD2d 600 [2d Dept 1981] ["the Sheriff * * * has primary responsibility for transporting prisoners lawfully committed to his custody by the various courts”]; City of Newburgh v County of Orange, 85 AD2d 591, 592 [2d Dept 1981] ["When a prisoner is committed to the custody of the Sheriff, it is the Sheriff who must transport him to and from the appropriate jail, unless the court delegates the responsibility to another officer”].)
Petitioner maintains that these cases hold that the costs of transporting prisoners are ultimately to be borne by the entity with legal custody. But as respondent has pointed out, while the cost of transporting prisoners ultimately may fall on an entity other than the county, each case nevertheless stands for the proposition that the Sheriff, not the court, agency or governmental entity requesting transportation, must supply that transportation.
Petitioners further point out that the Division of Parole has generated a new type of "warrant” which directs the Sheriff to transport prisoners and that there is no specific statutory *698 authority for the Division to do so. However, the mere use of the term "warrant” is not fatal to the validity of the request contained therein. Given the conclusion that the Sheriff must transport parole violators from county jails to State facilities, there remains a procedural gap as to how this is to be effectuated. In the absence of specific guidelines from the Legislature, the court concludes that the "Warrant for return of paroled or conditionally released prisoner to a correctional facility” is nothing more than a directive from the Division to the Sheriff, allowing the Division to exercise its authority under the Executive Law to bring about the return of parole violators to State facilities.
Attorney for respondents to submit order on notice directing that this action is converted into one for a declaratory judgment and that the Sheriff of Broome County is held to be responsible for the transportation of parole violators from Broome County Jail to State facilities upon request of the Division of Parole.

 The term "parole violators” will be used to include conditionally released prisoners who have been returned to county jails because of alleged violations of the terms of their release.