In the Matter of BROOME COUNTY et al., Appellants, v STATE OF NEW YORK et al., Respondents.

Third Department, November 9, 1989

APPEARANCES OF COUNSEL

*Joseph James Slocum, County Attorney (Philomena M. Stamato* and *Harvey D. Mervis* of counsel), for appellants.

*Robert Abrams, Attorney-General (Peter G. Crary* and *Wayne L. Benjamin* of counsel), for respondents.

## OPINION OF THE COURT

KANE, J. P.

In April 1988, respondent State Division of Parole (hereinafter the Division) notified petitioner Broome County Sheriff (hereinafter the Sheriff) that the Division was discontinuing its policy of transporting parole violators* held in local jails in Broome County to State correctional facilities. To execute the change, which thereinafter placed the responsibility for transportation on the Sheriff, the Division issued documents titled "Warrant for Return of Paroled or Conditionally Released Prisoner to a New York State Correctional Facility". The Sheriff thereafter refused to transport parole violators and, together with petitioner Broome County, instituted this CPLR article 78 proceeding to direct the Division to provide the transportation at issue and declare the Division's warrants for return invalid. Supreme Court converted the proceeding into one for declaratory judgment and determined that the Sheriff was responsible for the transportation of parole violators (141 Misc 2d 693). Petitioners' appeal followed.

We affirm. Absent legislation to the contrary, we find that the transporting of parole violators to a State correctional facility is sufficiently analogous to that of newly sentenced criminal defendants to place responsibility for transportation upon the Sheriff. Having physical custody of newly sentenced defendants, the Sheriff has a duty to transport them, in accordance with their respective commitments, to those having legal custody *(see,* CPL 430.20, 430.30). Likewise, the Division retains legal custody of parole violators whereas, upon arrest, violators are in the physical custody of the Sheriff, who is responsible for their lodging *(see,* Executive Law § 259-i [3] [a] [i]; *County of Nassau v Cuomo,* 69 NY2d 737, 740). It is therefore proper to conclude, as found by Supreme Court, that being responsible for transporting newly

---

* Solely for the purposes of this appeal, we refer herein to both parole violators and those violating the terms of their conditional release as parole violators.

sentenced defendants in his custody, the Sheriff is similarly responsible for transporting parole violators in his custody.

We reject petitioners' argument that the situations are dissimilar because there has been no court-ordered commitment where the parole violator is involved. The parole violator's original order of commitment remains in effect during the sentence *(see,* CPL 430.20 [1]; *see also,* Penal Law § 70.40 [1]), negating the need for a new court order and commitment upon a violation of parole or conditional release.

We also reject petitioners' contention that the "warrants" issued by the Division are not specifically authorized under the Executive Law and therefore may not impose the duty to transport parole violators. Supreme Court rightfully concluded that the warrants were nothing more than a directive to transport parole violators, a request consistent with its authority under the Executive Law.

MIKOLL, YESAWICH, JR., MERCURE and HARVEY, JJ., concur.

Judgment affirmed, without costs.