(April 15, 1999)

■ In the Matter of ELI RAITPORT, Petitioner, v NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [688 NYS2d 74] —Determination of respondent New York State Department of Social Services dated October 6, 1997, which, after a fair hearing, affirmed respondent New York City Department of Social Services' determination denying petitioner's application for emergency assistance to pay rent arrears,

unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Barbara Kapnick, J.], entered March 25, 1998) dismissed, without costs.

Petitioner states that he is 71 years old and suffers from a number of medical conditions that limit his mobility. His physician reports coronary artery disease, bilateral hernia, peptic ulcer disease/gastritis and B-cell chronic lymphocytic leukemia. Petitioner receives safety net (formerly denominated home relief) public assistance payments from respondent New York City Department of Social Services in the amount of $215 a month together with $55.95 every two weeks in food stamps. Petitioner's rent is $750 a month. He formerly received $500 a month from an unspecified charitable organization, but this assistance was terminated in March 1997.

On August 6, 1997, petitioner requested the New York City Department of Social Services to provide him with emergency public assistance in excess of $3,000 so that he could pay the resultant rent arrears. The agency refused the request, finding that petitioner failed to demonstrate that he would be able to either meet future housing expenses or repay the grant to the New York City Department of Social Services.

At a fair hearing held to review the agency's determination, petitioner revealed that the still-unnamed charity had extended assistance on the assurance that he would ultimately receive Social Security benefits. However, the Administrative Law Judge noted that the Social Security Administration had already rejected two separate appeals from the denial of benefits administered by that agency. Petitioner's application for Social Security retirement benefits was apparently denied on the basis of an insufficient earnings record, and petitioner maintains that benefits formerly received under the needs-based Supplemental Security Income program were terminated without good reason. The Administrative Law Judge noted that there was no assurance that the Social Security Administration would make any further payments to petitioner and therefore sustained the Department's determination.

The standard of review on a proceeding pursuant to CPLR article 78 is whether the agency's determination is supported by substantial evidence. This Court finds that the record contains sufficient "relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180). Clearly, petitioner's circumstances do not comprise the unforeseen crisis situation contemplated by the

statute (*see, Matter of Ghartey v Commissioner, N. Y. State Dept. of Social Servs.*, 237 AD2d 521, 522, citing *Baumes v Lavine*, 38 NY2d 296, 305). Furthermore, the governing regulations require petitioner to demonstrate the ability to pay his rent in the future (18 NYCRR 352.7 [g] [4] [ii]) and to repay the amount of the grant within 12 months (18 NYCRR 352.7 [g] [4] [ii]; *see also*, Social Services Law § 131-w). It is apparent that petitioner will be unable to meet his rent obligations under the lease from the income available to him. Thus, payment of arrears would not be effective to prevent his eventual eviction, and the agency's determination cannot be said to be irrational in any respect.

Little comfort can be derived from the legal disposition of this matter. Despite the lack of any practical communication skills, petitioner has appeared *pro se* at all hearings, including argument before this Court. At the fair hearing, the Administrative Law Judge devoted much of the time allotted to an attempt to ascertain why Mr. Raitport is receiving neither Social Security nor Supplemental Security Income benefits, with absolutely no success.

From papers submitted on the article 78 proceeding, we deduce that there may be a problem establishing Mr. Raitport's age. He states, "Cunningly, after perjuring them selves [*sic*] on 3 material facts, they are proceeding with gobble-dygook [*sic*] of irrelevant laws, as the crook [Administrative Law Judge] Kopolowitz did, to make the impression upon an innocent Court that as good government supposed to do, being unable to establish Petitioner's age and therefore unable to apply the laws of aide to Aged persons, they proceeded to seek possibility in other laws to satisfy Petitioner's request." The only evidence of petitioner's age appearing in the record is a 1952 driver's license issued in Paris, France, giving a date of birth of July 26, 1927. We can only observe that petitioner appears to be as old as he claims to be, as frail as his medical condition indicates and as difficult to understand as the previously quoted passage would suggest.

As a result of his several medical complaints, petitioner seeks to remain in his present apartment, located in an elevator-equipped building. His present rent of $750 a month may exceed, by a substantial margin, the maximum amount payable by the Department of Social Services in total financial assistance to a person living alone. However, if petitioner is unable to remain in the community and requires placement in a residence affording some form of assisted living (family care or residential care), the cost of his maintenance to the State will

exceed $1,500 a month (Social Services Law § 209 [2] [c], [d]). In this context, $750 a month does not seem to be an untoward assault on the State fisc.

Respondents note that State benefits pursuant to Social Services Law §§ 301 and 302 are incidental to benefits payable to persons who are aged, blind or disabled under the Federal Supplemental Security Income (SSI) program. They concede that Social Services Law § 209 does not preclude payments to someone who is not receiving SSI benefits, but merely states the conclusive presumption that any "person who is properly receiving supplemental security income benefits shall be deemed to have met the eligibility criteria" set forth in the provision (Social Services Law § 209 [1] [b]). However, respondents argue, "Petitioner never claimed he was eligible for additional state payments in his administrative proceeding, and he is thus barred from raising this claim now."

While respondents' expression of the principle governing judicial review of an administrative determination is legally unassailable, it reflects an unfortunate degree of organizational insensitivity. A welfare agency does not fulfill its legislative mandate by operating under a policy that extends benefits only to those persons who are sufficiently familiar with the law to effectively demand them. Social welfare programs are, by their nature, intended to assist the least sophisticated members of society. The "safety net" provided by the program is ineffectual if the most vulnerable among us are allowed to slip through. This Court recognizes that the record is limited and that there may be extenuating circumstances barring further benefit payments to petitioner. However, it would be far more consistent with the role assigned to the Department of Social Services to resolve petitioner's problem rather than to steadfastly resist his efforts to secure a solution, however flawed they might be from a purely legal standpoint. Concur—Ellerin, P. J., Rubin, Mazzarelli and Saxe, JJ.