OPINION OF THE COURT
Karla Moskowitz, J.
Petitioner Mavis Nembhard (Nembhard) brings this proceeding pursuant to CPLR article 78 to vacate and annul the decision after fair hearing dated March 25, 1999, issued by State respondent Department of Labor (DOL) after a hearing conducted on its behalf by the Office of Temporary and Disability Assistance (OTADA). That hearing affirmed a New York City Human Resources Administration (NYCHRA or agency) determination to discontinue Nembhard’s “Safety Net” Assistance benefits. In an interim order dated August 12, 1999, this court ordered respondents to provide petitioner with certain emergency relief.
Nembhard is a recipient of Safety Net Assistance benefits who lives with her disabled adult daughter, for whom she is representative payee for Supplemental Security Income disability benefits. Petitioner has depended on public assistance since losing her employment as a home attendant after sustaining an injury on the job. Respondent NYCHRA exempted Nembhard from workfare requirements because of chronic medical problems. A notice dated January 12, 1999 required her to attend a medical examination at NYCHRA’s medical contractor, HS Systems, Inc. The notice advised Nembhard that the appointment was on January 27, 1999, at 1:00 p.m., and that failure to keep the appointment could result in the discontinuance or reduction of Nembhard’s public assistance and food stamps benefits. Nembhard contends that she was too ill to travel from her home in East Flatbush, Brooklyn, to Manhattan on the day in question. She called the telephone number on the notice to ask to reschedule the appointment. She was told that she could not reschedule.
*76 Nembhard received a “Notice of Intent to Discontinue Public Assistance and Medicaid Benefits” (Notice of Intent). The reason given was: “[o]ur information as of 2/01/99 is that you failed to keep an appointment with the Office of Employment Services for the purpose of eváluating your current employ-ability status. We have determined that your action was willful and without good cause. See 18 NYCRR 351.21.” The Notice of Intent provided information on how to request a fair hearing and advised Nembhard of her rights with regard to the fair hearing.
Nembhard appeared pro se at the fair hearing on March 22, 1999. The entire transcript of the hearing is contained in two and a half pages. The agency representative informed the Hearing Officer that the agency sent a notice for a medical appointment on January 12, 1999; that the date of the appointment was January 27, 1999; that Nembhard failed to report; and that, on February 5, 1999, the agency sent a Notice of Intent, effective February 15, 1999. The agency representative then gave the Hearing Officer Nembhard’s address. The Hearing Officer then marked and received into evidence the case record. As the State respondents concede, the medical appointment notice, the activity record indicating the action taken in Nembhard’s case, the Notice of Intent, the fair hearing information sheet, Nembhard’s address history sheet and the current case composition sheet were the only documents in evidence. None of these contain any information as to whether Nembhard attempted to contact the agency, what steps the agency took, if any, to verify the willfulness of Nembhard’s noncompliance or any information regarding her prior exemption for medical reasons.
Nembhard told the Hearing Officer that on the day of the appointment she had called and tried to make a new appointment because her leg was swollen, but was told that she could not reschedule. The Hearing Officer asked if she had documentation concerning the reason she did not go. Nembhard said no, and started saying she called, when the Hearing Officer interrupted; and asked again whether she had documentation. She again said she had none. Nembhard then told the Hearing Officer that she did riot go because her legs were swollen, that she has problems with her legs and had pain. After asking Nembhard her age, the Hearing Officer concluded the hearing.
The decision after fair hearing recites the requirements of 18 NYCRR 351.21 (a) and (f), as well as the provisions of 12 NYCRR 1300.2 (d) and 1300.12 (a). The Hearing Officer found *77 that Nembhard’s testimony that she was too ill to report to her appointment on January 27, 1999 was “not credible because the Appellant did not have supporting medical documentation and she was vague.” Consequently, the decision concluded that Nembhard failed to establish good cause for not keeping the appointment and confirmed that portion of the agency’s determination that discontinued Nembhard’s public assistance.
There are a number of troubling aspects to the manner in which the agencies carried out their statutory mandates. The agency is required to follow certain enumerated procedures in notifying a participant about its intentions to discontinue benefits and in ensuring that any action it takes is proper. In addition to the statutory mandates of the Social Services Law, the agency is bound by both the NYCRR and its own policy guidelines to implement public assistance in a fundamentally fair manner. In reviewing Nembhard’s fair hearing transcript and decision, the court finds that NYCHRA and the State agency failed to follow many of the procedural requirements to ensure fundamental fairness.
The Hearing Officer is required to review the sufficiency of the Notice of Intent to assess whether it complies with regulatory requirements and whether there are any deficiencies that impinge on the appellant’s due process rights. The Hearing Officer should conduct this assessment on the record. (Policy guidelines, Dec. 11, 1996.) The transcript of the hearing contains no assessment of the Notice of Intent.
Among other things, the Notice of Intent is required to include the specific laws and/or regulations upon which the action is based. (18 NYCRR 358-2.2 [a] [4].) The only regulation cited in Nembhard’s Notice of Intent is 18 NYCRR 351.21, that lists the required contacts and investigation the agency must conduct with a participant. The Notice of Intent does not address the participant’s obligations to cooperate with requirements of the agency or the consequences of failing to comply with any requirements. The determination of the agency, as confirmed by the decision after fair hearing, was based upon the regulations governing failure to comply with the requirements of 12 NYCRR part 1300. Thus, the Notice of Intent was defective in failing to cite the regulations upon which the agency based its determination. (Matter of Bryant v Perales, 161 AD2d 1186 [4th Dept], lv denied 76 NY2d 710 [1990].)
In addressing the sufficiency of the Notice of Intent, the Hearing Officer was also required to determine whether the Notice contained the specific reasons for the action. (18 NYCRR *78 358-2.2 [a] [3].) The Notice of Intent did not specify what appointment Nembhard failed to keep, on what date or with whom. Therefore, the Notice was deficient here too.
A Hearing Officer has an obligation to ensure there is a complete record and to elicit documents and testimony. (18 NYCRR 358-5.6.) Nembhard told the Hearing Officer that she had called the agency on the day of the appointment seeking to reschedule. Nonetheless, the Hearing Officer did not seek to elicit any information from the agency whether it had information about a call and whether the agency had any documentation of receipt of a call. The agency’s failure to provide any records of calls received is in violation of the agency’s obligation to provide a complete case record, as it agreed to in the consent judgment in Rodriguez v Blum (US Dist Ct, SD NY, Feb. 25, 1983, 79 Civ 4518). The Hearing Officer’s omission constitutes a failure to comply with lawful procedure and is another basis for which a new fair hearing is required.
The Hearing Officer also failed to elicit testimony or documentation regarding Nembhard’s prior medical condition. Even though the Hearing Officer had information that Nembhard had previously been found to be medically incapacitated, the Hearing Officer made no effort to ascertain what the disability was and whether the incapacity was consistent with the reason Nembhard gave for not attending the appointment. This failure may have significantly affected the Hearing Officer’s determination of credibility upon which the decision after fair hearing rested.
The fair hearing was also flawed because the Hearing Officer failed to require the agency to submit evidence about Nembhard’s alleged “willful” failure to appear for the appointment. The agency merely stated that Nembhard had not attended the appointment. This fact was not disputed. By failing to require any evidence on the issue of willfulness, the Hearing Officer “improperly shifted the burden to the pro se claimant [ ] to prove that [her] failure * * * was not willful and without good cause.” (Mitchell v Barrios-Paoli, 253 AD2d 281, 289.) Further, willfulness is an element of ineligibility that the agency was required to verify prior to notifying the recipient of the proposed change. (Allen v Blum, 58 NY2d 954.) There is no evidence in the record that the agency ever attempted or achieved this required verification. Because, as respondents concede, at a fair hearing the agency has the burden of proof of establishing that its actions were correct (18 NYCRR 358-5.9 [a]), the agency’s failure to produce any evidence on this issue also requires an annulment of the determination after fair hearing.
*79 Nembhard maintains that she was also deprived of due process because of the agency’s failure to issue a conciliation notice, as set forth in 12 NYCRR 1300.11. Respondents contend that no conciliation notice was required because Nembhard was an exempt recipient of public assistance and these notices are required only for nonexempt applicants and recipients.
While it is true that the agency need not send a conciliation notice to an exempt participant, in order to rely on this exception, the agency must demonstrate that Nembhard was an exempt participant. The agency claims to have done so by referring to the medical appointment notice that states that the last time Nembhard was contacted, she was too ill to participate in the New York City WAY Program. Although someone who is too ill to engage in work activities is exempt under part 1300, that determination exists for a maximum of three months. (12 NYCRR 1300.2 [b] [1].) There is no indication in the record of when the agency made the initial determination. Therefore, there is no way to establish whether Nembhard was still an exempt participant at the time that the agency sent the Notice of Intent. Without this information, it is impossible to determine whether the agency was required to send a conciliation notice. Thus, here too, the agency failed to supply necessary documents, violating the consent judgment in Rodriguez v Blum (supra).
Nembhard’s claims as to food stamps and emergency rent arrears were not subjects of the fair hearing and are apparently under separate review. Accordingly, they cannot be addressed in this proceeding.
Respondents contend that Nembhard failed to preserve any objection at the fair hearing and has thereby waived any objection. The cases cited in support of this position, however, involve petitioners who were represented by counsel at the fair hearing, not pro se litigants. Moreover, many of the agency’s lapses concern its burden of proof that the agency had to meet in order to have its determination affirmed. To conclude that petitioner waived her right to have the agency sustain its burden is to make a mockery of the fair hearing and would itself violate due process and the purpose of the Social Services Law, as well as the agency’s own guidelines. (See, Matter of Raitport v New York City Dept. of Social Servs., 260 AD2d 223; Matter of Schnurr v Perales, 115 AD2d 740; Allen v Blum, 58 NY2d 954, supra; Policy guidelines, Dec. 11, 1996.) Thus, respondents’ argument is rejected.
Respondents maintain that this proceeding raises a substantial evidence question and, therefore, the court must *80 transfer the proceeding to the Appellate Division. (See, CPLR 7804 [g].) However, where a petition raises issues that can terminate the proceeding without reference to substantial evidence, the Supreme Court must decide the case. (See, Matter of G & G Shops v New York City Loft Bd., 193 AD2d 405; Matter of Duso v Kralik, 216 AD2d 297.) Because petitioner’s claims of errors are sufficient to terminate the proceeding without considering substantial evidence questions, the court will not transfer the matter.
Nembhard seeks attorneys’ fees pursuant to 42 USC § 1988 and CPLR 8601 (b) and 8602 (c). Respondents object, saying that no Federal question has been presented and that petitioner must first be found to be the prevailing party. Here, Nembhard raised both State and Federal claims, based upon respondents’ failure to abide by due process requirements. Because petitioner is the prevailing party as to these claims, she is entitled to an award of attorneys’ fees. (Matter of Thomasel v Perales, 78 NY2d 561; Matter of Daniels v Hammons, 228 AD2d 341.)
Accordingly, it is hereby ordered and adjudged that the decision after fair hearing dated March 25, 1999 is annulled and the matter is remanded to respondents to conduct a new fair hearing as to the discontinuation of petitioner’s public assistance. The Clerk is directed to enter judgment accordingly; and it is ordered that pending this hearing and a final agency determination, respondents are directed to restore petitioner’s public assistance benefits to the amount provided to petitioner immediately prior to termination; and it is further ordered that the portion of the proceeding that seeks the recovery of attorneys’ fees is severed and an assessment thereof is directed; and it is further ordered that the assessment is referred to a Special Referee to recommend or, on consent of the parties, to determine; and it is further ordered that a copy of this order with notice of entry shall be served on the legal support office (room 311) to arrange a date for the reference to a Special Referee.