■ In the Matter of JOHN F. BOUCK et al., Respondents, v DEPARTMENT OF STATE, DIVISION OF LICENSING SERVICES, Appellant. [829 NYS2d 334]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered April 12, 2006 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent commenced an administrative proceeding against petitioners, licensed real estate appraisers, seeking revocation or suspension of petitioners' licenses and monetary penalties pursuant to Executive Law article 6-E. Supreme Court properly granted the petition seeking judgment, inter alia, dismissing the administrative complaint against petitioners based upon respondent's failure to complete the adjudicatory proceeding within 150 days or obtain an extension of that time period (*see* 19 NYCRR 400.13 [a], [c]). Respondent "is bound by its own rules and regulations" (*Allen v Blum*, 85 AD2d 228, 236 [1982], *affd* 58 NY2d 954 [1983]), including its procedural rules (*see Matter of Schumate v Hammock*, 85 AD2d 640 [1981], *lv denied* 56 NY2d 501 [1982]). The record establishes that respondent did not comply with the time limitations set forth in the regulation and petitioners did not consent to such noncompliance. Contrary to the contention of respondent, it was required to complete the hearing within a specific, mandatory time frame under the regulation, and thus we have no occasion to consider whether the hearing could have been completed "within reasonable time" (State Administrative Procedure Act § 301 [1]; *cf. Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 177 [1985], *rearg denied* 66 NY2d 1035 [1985], *cert denied* 476 US 1115 [1986]). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.