■ In the Matter of DANIEL HASBERRY et al., Appellants, et al., Petitioner, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [912 NYS2d 190]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 23, 2009, to the extent appealed from, denying the petition and dismissing this proceeding to annul determinations by respondent Department of Education (DOE) rejecting individual applications for certification as New York City school bus drivers or bus escorts, unanimously modified, on the law, the petition reinstated as against DOE and granted to the extent of annulling those determinations, and remitting to DOE for further proceedings consistent herewith, and as so modified, affirmed, without costs.

Petitioners were each denied certification by DOE on the basis of criminal convictions that purportedly rendered them unsuitable to perform the duties associated with the transportation of school-age children. Chancellor's Regulation C-105 (2) provides: ''If, prior to the conclusion of any background investigation, information of a derogatory nature is obtained which may result in denying the application for license, certification or employment, an applicant will be given an opportunity to review such information with the [Office of Personnel Investigation] and to include in the investigatory file, any written statements or documents which refute or explain such information.''

DOE did not afford petitioners this opportunity prior to making its determinations. While we understand respondents' concerns and the need to protect the safety of children to be transported, DOE is bound by its own rules and regulations, including its procedural rules (see e.g. Matter of Bouck v Department of State, Div. of Licensing Servs., 37 AD3d 1095 [2007]). Accordingly, this matter is remanded to DOE with directions to give petitioners an opportunity to review the information upon which DOE's determinations were based and to submit statements and documents pursuant to Chancellor's Regulation C-105. The petition was properly dismissed as against respondent Thomas Buses, Inc., which did not make any determination challenged in this proceeding. Concur—Mazzarelli, J.P., Friedman, Catterson, DeGrasse and Manzanet-Daniels, JJ.