(July 16, 2013)

■ In the Matter of LUTHER DEMPSEY, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants. [969 NYS2d 452]—

Judgment, Supreme Court, New York County (Robert E. Torres, J.), entered March 7, 2012, granting the CPLR article 78 petition to the extent of annulling respondent Department of Education's (DOE) determination, dated May 4, 2011, which denied petitioner's request for certification as a school bus driver, ordering that the DOE approve petitioner's application to be a certified DOE school bus driver, and remanding the remaining issues to the DOE, reversed, on the law, without costs, the petition denied and the proceeding dismissed.

In 2006, petitioner applied for certification as a school bus driver. In connection with his application, he disclosed two drug-related felony convictions in 1990, and three misdemeanors, the most recent in 1993. Petitioner acknowledges that he had a heroin addiction that began at age 15 and continued until 1994, when he stopped using drugs and entered a treatment program that he successfully completed in 1995. He avers that he has been drug free since then. With one exception, due to his employer at the time closing its business, petitioner has been steadily employed over the years, primarily as a private bus driver transporting school aged children.

In 2006, petitioner applied for certification as a New York City school bus driver, which would allow him to drive DOE buses. That application was denied. He and three other petitioners who, like petitioner, had prior criminal convictions, brought an article 78 petition against the DOE (*Matter of Hasberry v New York City Dept. of Educ.*, 78 AD3d 609 [1st Dept 2010]), which resulted in petitioner being allowed to submit additional documentation in support of his application and his being interviewed by the director of the Office of Personnel Investigation (OPI) as well as other panel members. Following the interview, DOE issued a letter dated May 17, 2011 denying petitioner's application for certification. Petitioner brought this proceeding on the basis that DOE's determination was, among other things, arbitrary and capricious.

It is well settled law that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion or is contrary to law (*see Matter of Arrocha v*

*Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

Where the applicant seeks employment with the New York City Department of Education, the school chancellor's regulations apply and regulation C-105 establishes procedures to be followed by OPI for background investigations of pedagogical and administrative applicants. Regulation C-105 incorporates by reference article 23-A of the Correction Law. Correction Law § 752 (*et seq.*) prohibits unfair discrimination against a person previously convicted of a crime "unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or (2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals." Correction Law § 753 (1) (a)-(h), which set forth eight factors a public agency must consider in connection with an application for a license, include the person's duties and responsibilities, the bearing, if any, the criminal offense(s) will have on the person's "fitness or ability" to perform his or her duties, the time that has elapsed since the occurrence of the crime(s), the seriousness of the crime, information about the applicant's reputation, etc., and the legitimate interest of the agency in protecting the safety and welfare of specific individuals or the general public. Regulation C-105 provides further that in reviewing the record of an applicant who has a prior criminal conviction, DOE is particularly concerned with offenses, among others, that involve the possession, distribution or selling of controlled substances. The chancellor's regulation, like the Correction Law, provides that where the applicant has a certificate of relief from disabilities, that certificate "shall" also be considered (Correction Law § 753 [2]). The certificate, however, only creates a "presumption of rehabilitation" with respect to the crime the individual was convicted of, it does not create a prima facie entitlement to the license the person is applying for (*Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 614 [1988]).

Petitioner's application included a fingerprint referral form in which he responded "yes" to the question of whether he had been convicted of an offense, a copy of his commercial driver's license, character and employment references, a certificate of relief from disabilities issued in 2002 and certificates showing he had successfully completed the drug treatment and other

programs. Although the form requires an explanation to any "yes" response, petitioner did not provide one at first, but explained the response in a sworn affidavit he later provided.

The DOE's May 4, 2011 determination that petitioner's prior drug-related convictions as an adult bore on his fitness and/or ability to perform his school bus duties was rationally based, and it shows DOE gave due consideration to the relevant factors under Correction Law § 753 before denying his application. Although petitioner avers he has been drug free since 1994, and his crimes were directly related to his drug addiction at the time, the offenses were not youthful indiscretions (he was 41 years old), but were of a serious nature since each involved narcotics.

While DOE may not have stated with specificity its detailed analysis with respect to the factors it considered in its denial letter to petitioner, and he claims this shows DOE failed to consider his certificate of rehabilitation, the record created before the DOE amply demonstrates that all the relevant factors were considered by respondent in making its determination denying him certification as a school bus driver (*see Matter of Acosta v New York City Dept. of Educ.*, 16 NY3d 309, 318 [2011]). The position for which petitioner seeks certification would place him in direct daily contact with school aged children and require him to closely monitor and supervise them (*compare Matter of Acosta v New York City Dept. of Educ.*, 16 NY3d 309 [2011], with *Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361 [1999]).

In granting the petition and reversing the agency's determination, the court below improperly reweighed the factors set forth in the Correction Law and substituted its own judgment (*see Acosta*, 16 NY3d at 318, citing *Arrocha*, 93 NY3d at 367]). The nature of the criminal conduct for which petitioner was convicted has a direct bearing on his fitness or ability to perform one or more of the duties or responsibilities. Concur—Mazzarelli, J.P., Sweeny and Gische, JJ.

Freedman, J., dissents in a memorandum as follows: I respectfully dissent and would affirm the judgment below. I agree with the Supreme Court that the denial was arbitrary and capricious and violated article 23-A, §§ 752 and 753 of the Correction Law and the New York State and New York City Human Rights Laws (Executive Law § 296 [15]; Administrative Code of City of NY § 8-107 [10]).

Petitioner was convicted of two drug-related class D felonies approximately 23 years ago, and three misdemeanors, the most recent in 1993. In 1994, he entered a drug treatment program

which he successfully completed in 1995, and since that time, he has not only remained drug-free but remained close to the director of the program. He also entered a nine-month program at the Bowery Mission Transitional Center which he completed in November 1995, has remained a member of its alumni group and has received a certificate of achievement for his continued participation. In 1996, petitioner obtained a commercial driver's license and a certificate of completion from Model Bus Driving School, and in 2002 he was issued a certificate of relief from disabilities by the Supreme Court, Kings County.

Since 1996, petitioner has been steadily employed as a school bus driver transporting both young and high school age pupils, including children with special needs. There have been no incidents, and he has been highly regarded by his employers, students, and parents. References note that he was punctual and related well to students ages K through 12. A letter from Thomas Buses Inc., dated September 19, 2008, informs that petitioner "worked for Thomas Buses from September 29, 2004 through August 11, 2006 . . . was valued employee . . . is reliable . . . [and] loved driving children to and from school." A letter from Gagnon Bus, Inc., dated September 20, 2008, his employer from 2006 to 2008, stated that petitioner "always communicated and interacted well with his coworkers . . . is willing to help and do extra work." Letters from other school bus companies for whom petitioner worked were similarly laudatory.

In 2005, petitioner received a certificate of school bus driver training from the Education Department of the State of New York indicating that he had successfully completed the New York State Education Department's School Bus Driver 30-hour course.

In 2008, petitioner, at the behest of Thomas Buses, Inc., for whom he was again working, applied for certification as a New York City school bus driver. Certification would enable him to get health and other benefits. The application was denied based on petitioner's list of convictions, and the motion court dismissed the petition challenging Department of Education's (DOE) determination.

In 2010, this Court modified the motion court's order (*Matter of Hasberry v New York City Dept. of Educ.*, 78 AD3d 609 [2010]), reinstated the petition, and remitted the matter to DOE because it did not properly accord petitioner (and two other applicants) an opportunity to review the information upon which DOE had made its determination and submit statements and documents, as required by Regulation of the Chancellor No.

C-105. Upon remand, petitioner was asked to appear for an interview with the Office of Pupil Transportation (OPT) during which time he presented his driver's license, various certificates including his training and bus driver certificates, his drug treatment program certificates and letters of reference from his employers. He was asked about his drug history and told the investigators that he had not used drugs since 1994 and was involved with caring for his daughter. The chief investigator recommended denial and, on March 17, 2011, DOE adhered to its previous position with no reasons stated.

Petitioner's counsel requested a written statement pursuant to Correction Law § 754. On May 4, 2011, the executive director of OPT, Matthew Berlin, wrote that OPT had considered the elements of Correction Law § 753 and determined that petitioner was unsuitable for the position of school bus driver, which required close supervision of school children in the relatively unsupervised environment of a school bus. The letter further stated that the certification related to the duties of the job, noting the seriousness of the criminal offenses, their direct relationship to fitness to perform those duties, and the relatively mature age of petitioner when the offenses were committed. The letter also indicated that petitioner had not been completely truthful in his application. As noted by the trial court, there was no basis for that statement. Petitioner had listed all of his convictions and the sentences received (mostly conditional discharges and a one-year incarcerative sentence).

In response to petitioner's article 78 proceeding, the executive director again referred to the criminal convictions and added that there was a "lengthy gap" in petitioner's employment history from 1999 to 2002. Although he noted that it was the public policy of the State to encourage employment of persons with previous convictions, Berlin stated that OPT had serious concerns about exposing children to individuals who had been convicted of crimes involving sale of controlled substances. He added that petitioner provided no community recommendations except from the ministry and rehabilitation programs, and that the 18 years that had elapsed since petitioner's last conviction was not that long. Berlin concluded that after balancing the factors and weighing the seriousness and nature of the criminal convictions against petitioner's rehabilitation, positive references, work history, and age at the time of the convictions, it was determined that petitioner posed an unreasonable risk to the safety of young children.

Petitioner replied by denying that there had been any gap in his work history, stating that he had worked for Lifeline

Transportation Services from 1998 to 2002 but they had gone out of business, and that he had not been asked for community references, but could provide them from his church and pastor. He repeated that his past criminal history was not a reflection of who he had become and that he took his driving responsibilities very seriously, stating he drove "as though I were driving my own children."

In granting the petition and annulling the determination, the trial court found respondent's decision to be arbitrary and capricious because it failed to consider all of the factors set forth in Correction Law § 753. The court found that respondent only looked at petitioner's criminal history and considered arrests that were dismissed and did not balance those factors with the extensive evidence of petitioner's rehabilitation. It also noted that it failed to identify the alleged "untruthfulness" in petitioner's application and improperly identified a "gap" in his employment.

Correction Law § 752 provides that "[n]o application for any license or employment . . . to which the provisions of this article are applicable, shall be denied . . . by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of 'good moral character' when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:

"(1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought . . . ; or

"(2) the issuance . . . of the license or the granting . . . of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public." Correction Law § 753 enumerates eight specific factors to be considered in making determinations under section 752.

The eight factors are as follows: (a) recognition that the public policy of this state is to encourage licensure and employment of persons previously convicted of one or more offenses; (b) the specific duties and responsibilities related to the license or employment; (c) the bearing, if any, the criminal offenses will have on fitness or ability to perform the duties; (d) the time which has elapsed since the occurrence of the criminal offenses; (e) the age of the person at the time of the occurrence of the criminal offenses; (f) the seriousness of the offenses; (g) any information produced by the person or in his behalf in regard to his rehabilitation and good conduct; (h) the legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of individuals or the general public.

Petitioner's argument that DOE's review was inadequate and that it did not properly consider the eight factors and that the only reasons given for rejecting petitioner's application were based on inaccurate information has merit. The May 4, 2011 letter denying petitioner's application, after remand for reconsideration by this Court, merely states that OPT considered the age at which petitioner committed his last criminal offense, the seriousness of the offenses, and the welfare of the children whom petitioner would have to supervise. It made no reference to the time that had elapsed since the last conviction (now 20 years), petitioner's lengthy experience successfully driving school buses with the very same children or type of children he would be driving and supervising were the license granted, or the extensive evidence of complete rehabilitation that petitioner furnished. The letter's reference to "untruthfulness" is totally unsupported by any evidence. The conclusion reached by the executive director of OPT that he had "grave doubt about his [petitioner's] moral character and reliability" is belied by petitioner's impeccable record of steady employment since 1994, and his employment as a school bus driver for public and private school pupils for 12 years without incident, his certificate of relief from disabilities, and his significant record of community service.

In *Matter of Acosta v New York City Dept. of Educ.* (16 NY3d 309 [2011]), the Court of Appeals specified that " '[i]n making a determination as to whether either the direct relationship exception or the unreasonable risk exception applies,' " "[a] failure to take into consideration each of these factors results in a failure to comply with the Correction Law's mandatory directive" (*id.* at 315, 316 [internal quotation marks omitted]). Based on his now 20-year record, all evidence demonstrates that petitioner has been completely rehabilitated and is able to reliably perform the duties of the position for which the license is sought.

As petitioner points out, the pertinent parts of the State (Executive Law § 296 [15]) and City (Administrative Code of City of NY § 8-107 [10]) Human Rights Laws both provide that it is an unlawful discriminatory practice to deny a license or employment based on a criminal conviction when such a denial is in violation of the provisions of article 23-A of the Correction Law.

Accordingly, I agree with the motion court's finding that respondent's determination denying petitioner's application for certification as a DOE school bus driver failed to account for petitioner's rehabilitation, was arbitrary and capricious, and violated article 23-A of the Correction Law.