Matter of People v Matthew GG. (2024 NY Slip Op 24261)

[*1]

Matter of People v Matthew GG.

2024 NY Slip Op 24261

Decided on October 15, 2024

County Court, Saratoga County

Hartnett, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 15, 2024
County Court, Saratoga County

In the Matter of 
 the People of the State of New York,

against
Matthew GG., Adolescent Offender.

SCI-70293-24/001

James Tyner, Esq., for Adolsecent Offender Matthew GG.
Assistant District Attorney Jessica Lorusso, Esq.
Schenectady County District Attorney's Office, Special Prosecutor
First Assistant County Attorney Ann Flower E. Stitt, Esq., 
Saratoga County Attorney's Office on behalf of the Saratoga County Sheriff's Office
John Stonner, Esq., on behalf of the NYS Office of Children and Family Services

Michael J. Hartnett, J.

WHEREAS, on April 24, 2024, Adolescent Offender Matthew GG. having accepted a combined plea offer and having thereafter pleaded guilty to Robbery in the second degree (PL §160.10) and Criminal sexual act in the second degree (PL §130.45(2)); and
WHEREAS, on July 17, 2024, the Saratoga County Court, Youth Part having afforded Matthew GG. Youthful Offender status and thereafter sentenced Adolescent Offender Matthew GG. relative to the conviction of Robbery in the second degree (PL §160.10) to an indeterminate sentence of 1 — 3 years incarceration, $825.00 in fines/surcharges and fees; and issued an Order of Protection in connection therewith; and
WHEREAS, the Saratoga County Court, Youth Part having issued a Uniform Sentence and Commitment form, committing Adolescent Offender Matthew GG. "to the Custody of the Office of Children and Family Services (OCFS) to be lodged in an appropriate facility, but subject to transfer to the Department of Corrections and Community Supervision (DOCCS) at twenty-one (21) years of age, until released in accordance with law, being an Adolescent Offender at the time the offense was committed and sentenced to a period of incarceration in excess of one (1) year"; and
WHEREAS, on September 26, 2024, the NYS Office of Children and Family Services having filed a motion by Order to Show Cause, seeking a restoration of the matter to the Court's calendar and seeking the issuance of an Order directing the Saratoga County Sheriff's Office to transport the Adolescent Offender to the custody of the NYS Office of Children and Family [*2]Services; and
WHEREAS, the Court having issued an Order to Show Cause, scheduling the matter for submission of papers and thereafter considering oral argument of any party wishing to be heard; and
WHEREAS, the People of the State of New York, by and through the Schenectady County District Attorney's Office (Special Prosecutor), through counsel (Assistant District Attorney Jessica Lorusso, Esq.), having waived their appearance and having confirmed by electronic correspondence consent to the relief requested by the motion; and
WHEREAS, Adolescent Offender Matthew GG., through counsel (James Tyner, Esq.), having waived their appearance and having confirmed by electronic correspondence consent to the relief requested by the motion; and
WHEREAS, the Court having considered the following papers and submissions in connection with the motion; (a) Order to Show Cause issued on September 26, 2024; (b) Attorney Affirmation in Support of John Stonner, Esq., dated September 23, 2024; (c) Attorney Affirmation in Opposition of Ann Flower E. Stitt, Esq., dated October 7, 2024, with Exhibits; (d) Responding Attorney Affirmation of John Stonner, Esq., dated October 8, 2024; and
WHEREAS, on October 9, 2024, the Court having held an appearance and provided any party wishing to be heard an opportunity to orally argue their position relative to the motion; and the Saratoga County Sheriff's Office having appeared through counsel, Ann Flower E. Stitt, Esq.; and the NYS Office of Children and Family Services having appeared through counsel, John Stonner, Esq.; and
NOW THEREFORE, after due consideration, the Court find as follows:
Background
Before the Court is an application by the NYS Office of Children and Family Services to reissue a Uniform Sentence and Commitment Order to provide and facilitate the transport of a sentenced Adolescent Offender. As this appears to be a case of first impression, a background discussion is warranted.
Matthew GG. is seventeen years old. Matthew GG. was convicted by plea of Robbery in the second degree [FN1]
on April 22, 2024. Matthew GG. was sentenced, pursuant to a plea agreement, on July 17, 2024 to an indeterminate term of incarceration of one (1) to three (3) years. As an Adolescent Offender, Matthew GG. was committed to the custody of the NYS Office of Children and Family Services (hereinafter "NYS OCFS"). The Uniform Sentence and Commitment form provided that Adolescent Offender Matthew GG. was committed "to the Custody of the Office of Children and Family Services (OCFS) to be lodged in an appropriate facility, but subject to transfer to the Department of Corrections and Community Supervision (DOCCS) at twenty-one (21) years of age, until released in accordance with law, being an [*3]Adolescent Offender at the time the offense was committed and sentenced to a period of incarceration in excess of one (1) year."
Following the sentencing hearing, Adolescent Offender Matthew GG. was transported by the Saratoga County Sheriff's Office to the Capital District Secure Detention Center (hereinafter "Capital District Secure") in Albany, New York. Capital District Secure is a specialized secure detention facility operated through Capital District Youth Center, Inc. and is operated by Berkshire Farm Center for Youth. NYS OCFS provides state level regulatory oversight for specialized secure detention centers, including Albany Secure Detention. The Saratoga County Sheriff's local Correctional Facility does not have a specialized detention component for youth (defined as Adolescent Offenders, Juvenile Offenders, or Juvenile Delinquents); and the Sheriff provides for facilities for confined youth through a contract for services with Albany Secure Detention [FN2]
.
Adolescent Offender Matthew GG. has been held at Capital District Secure since his sentencing on July 17, 2024. Once an Adolescent Offender is committed to NYS OCFS, the intake/screening unit within OCFS endeavors to "classify" Adolescent Offenders for placement in an appropriate facility, usually within ten to fourteen days. The classification process considers factors such as the circumstances of the underlying conviction, medical and educational needs, amongst other considerations. Following the sentencing on July 17, 2024, NYS OCFS has classified Adolescent Offender Matthew GG. and has determined him to be appropriate for placement in a NYS OCFS Facility (Industry Residential Facility) located in Rush, New York.
Transport
The Saratoga County Sheriff's Office has asserted that they have complied with their obligations under the applicable provisions of the Criminal Procedure Law and Corrections Law by transporting and delivering the Adolescent Offender to Capital District Secure. NYS OCFS has asserted that the Saratoga County Sheriff should be directed to provide transport of the Adolescent Offender from Capital District Secure to Industry Residential Facility in Rush, New York — an approximate one-way drive time of four hours. 
Both entities were encouraged by the Court to work through counsel to resolve the dispute without need for Court intervention. The parties remain at an impasse as to which municipal entity should be responsible for transport. Given the recurring nature of this issue, the parties have asked for the Court to resolve the disagreement [FN3]
. 
Raise the Age
"Raise the Age" Legislation, which became effective in 2017; provided for an overhaul of the Criminal Procedure Law relative to 17- and 18-year-old defendants charged with felonies, now called Adolescent Offenders. As part of the legislative overhaul, when an Adolescent Offender's case remains in Youth Part, and thereafter a conviction is entered — and a sentence calls for incarceration of more than one (1) year — the Adolescent Offender is committed to the NYS Office of Children and Family Services, as opposed to the NYS Department of Corrections and Community Supervision [FN4]
.

Law
Penal Law §70.20(1) provides "when an indeterminate or determinate sentence of imprisonment is imposed, the court shall commit the defendant to the custody of the state department of corrections and community supervision for the term of his or her sentence and until released in accordance with the law." The duty to deliver rests with the Sheriff. CPL §430.30; see also Executive Law §508. To be sure, "[h]aving physical custody of newly sentenced defendants, the Sheriff has a duty to transport them, in accordance with their respective commitments, to those having legal custody. Broome County v. State, 152 AD2d 160, 161 (3d Dept 1989), citing CPL §430.20; CPL §430.30.; see also Oquendo v. Quinones, 291 A.D. 593 (3d Dept 2002).

Analysis and Discussion
At its core, this dispute stems from the disagreement of two municipal entities relative to the functional implementation of the changes brought on by Raise the Age. While analogies are offered relative to the adult criminal justice system, it is the Court's impression that the circumstances of cases affected by Raise the Age pose unique challenges to the municipal entities responsible for the implementation of those legislative changes. In this instance, the Court specifically finds and notes that both municipalities have worked in good faith to try to solve those challenges; and have reached an impasse on this specific issue.
As to the responsibility of transport, the Court finds in this instance that the arguments and position of the NYS Office of Children and Family Services is persuasive. To hold otherwise would run afoul of established binding precedent and be contrary to the plain reading of the applicable provisions of the Criminal Procedure Law and Executive Law. It is the responsibility of the Sheriff to deliver the committed [Adolescent Offender] to the custody of the State.
The County's position that Albany Secure Detention is a NYS OCFS facility, and that by delivering Adolescent Offender Matthew GG. to Albany Secure Detention they have concomitantly discharged their responsibility to transport, is unavailing. No party has substantively disputed that Albany Secure Detention is not a NYS OCFS facility. To the contrary, Albany Secure Detention is functioning — through a contract for services — in the stead of a local jail or correctional facility operated by the Sheriff. To the extent that the County has raised an issue with taking physical custody of an individual already delivered to Albany Secure [*4]Detention, the Court will resolve that concern by re-issuing the commitment order with specific directives to the Sheriff to provide transport to the facility designated by NYS OCFS.
The County has asserted that the responsibility to transport the Adolescent Offender by the County is not indefinite. The Court agrees; and to that end — the Sheriff must deliver the Adolescent Offender to the custody of NYS OCFS, and the State agency must accept the Adolescent Offender "forthwith." Forthwith is a term defined as immediate and established through caselaw as "without any delay." Generally, the State is afforded between ten (10) and fourteen (14) days to "classify" an [Adolescent Offender]. Once delivered to the designated facility, the responsibility of the Sheriff to further transport the Adolescent Offender is obviated and otherwise extinguished. 
Stated otherwise, once the classification is established, it is the responsibility of the Sheriff to transport to the State. In this instance, Adolescent Offender Matthew GG. has been classified for acceptance at Industry Residential Facility in Rush, New York. The Sheriff is responsible for transportation, and the State shall accept the Adolescent Offender forthwith. Upon completion of the transport of Adolescent Offender Matthew GG. to Industry Residential Facility in Rush, New York; the Saratoga County Sheriff is thereafter relieved of any further transportation obligation for Adolescent Offender Matthew GG..
Of specific note, is that the Sheriff is entitled to reimbursement by the State for the cost of such transportation. See Corrections Law §602.
As such it is
ORDERED and ADJDUGED, that the Motion (Motion #1) of the NYS Office of Children and Family Services, is GRANTED, insofar that pursuant to Penal Law Article 440, upon the consent of all parties, upon the application of the NYS Office of Children and Family Services, and upon determining that resolving the instant motion is in the interests of justice, the Court will reopen the proceeding for purposes of determining whether the Court should reissue the Uniform Sentence and Commitment form to provide for transport of the Adolescent Offender; and it is further
ORDERED and ADJUDGED, that the sentence of Adolescent Offender Matthew GG. is maintained and continued as issued and decreed on July 17, 2024, in all substantive respects — in that Matthew GG. is granted Youthful Offender status and as a result of a conviction of Robbery in the second degree (PL §160.10) is sentenced to an indeterminate sentence of one (1) to three (3) incarceration, such term to run concurrently with any other term of incarceration, and in addition the sentence shall include a $500.00 fine, $300 surcharge and $25.00 crime victim assistance fee; and it is further
ORDERED and ADJUDGED, that Motion (Motion #1) of the NYS Office of Children and Family Services, is GRANTED, insofar as the Clerk of the Court is directed to re-issue the Uniform Sentence and Commitment form as it pertains to SCI-70923-24/001, to provide:
Adolescent Offender Matthew GG. is hereby remanded to the custody of the Saratoga County Sheriff for holding in a specialized secure detention facility until classified by the NYS Office of Children and Family Services, such classification to occur within fourteen (14) days; and upon such classification, Adolescent Offender Matthew GG. is hereby committed to the Custody of the Office of Children and Family Services (OCFS) to be lodged in an appropriate facility, but subject to transfer to the Department of Corrections and Community Supervision (DOCCS) at twenty-one (21) years of age, until released in [*5]accordance with law, being an Adolescent Offender at the time the offense was committed and sentenced to a period of incarceration in excess of one (1) year; and
The Saratoga County Sheriff shall be responsible for transporting the Adolescent Offender to the facility designated by the NYS Office of Children and Family Services and the NYS Office of Children and Family Services shall accept the Adolescent Offender forthwith upon such designation. Upon such transportation being completed, the Saratoga County Sheriff is relieved of any further obligation to transport the Adolescent Offender.
The Saratoga County Sheriff shall be entitled to seek reimbursement pursuant to Corrections Law §602 for the actual cost of any transportation of the Adolescent Offender incurred in transporting Adolescent Offender to the facility designated by NYS Office of Children and Family Services.
ORDERED, that the Clerk of the Court shall upon entry of this Decision and Order transmit a copy of this Decision and Order to counsel of record by electronic mail and to the Saratoga County Attorney's Office by regular mail; same to be considered good and sufficient service.
Signed and Dated: October 15, 2024
Ballston Spa, NY
E N T E R
Hon. Michael J. Hartnett
Acting County Court Judge

Footnotes

Footnote 1:Matthew GG. was also convicted by separate plea of Criminal sexual act in the second degree (PL §130.45(2)) and sentenced to a concurrent term of incarceration of six (6) months. There is no challenge or raised issue with respect to the commitment order stemming from that sentence as the term of incarceration was less than one (1) year and thus does not involve a commitment to the custody of the NYS Office of Children and Family Services.

Footnote 2:The contract between the County of Saratoga and Albany Secure Detention provides for any individual sent to specialized secure through Saratoga County a priority acceptance over other counties to utilize 1.5 beds at the Albany Secure Detention facility.

Footnote 3:The Court notes that counsel for all parties have been abundantly professional and cordial in working to resolve the dispute while zealously advocating for their respective clients.

Footnote 4:If an imposed sentence extends beyond an AO's twenty-first (21) birthday, the AO is transferred to NYS DOCCS.